UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AIDA ELZAGALLY, as the wife<br>of  MSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| AYAH TUNALLI, as the daughter<br>of MSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| ALAA TUNALLI, as the daughter<br>of MSSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| ABDULHAMEED TUNALLI, as the son<br>of MSSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| ABDULRRAUF TUNALLI, as the son<br>of MSSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| MUHAMMAD TUNALLI, as the son<br>of MSSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| ABDULADEEM TUNALI, as the son<br>of MSSADDEK TUNALLI, deceased | ) |
| | ) |
| | ) |
| MAIS AHMED MAYOUF, as the daughter<br>of MUFIDA SASI ABU GASIAH, deceased | ) |
| | ) |
| | ) |
| ABDULHAMEED AL-HARRAMAH, as<br>the father of AYMAN AL-HARRAMAH,<br>deceased | ) |
| | ) |
| | ) |
|                                  Plaintiffs | ) |
| | ) |
| | ) |
| | ) |
| KHALIFA HAFTAR, individually<br>last known address in Libya | ) |
| | ) |
| | ) |
|                                  Defendant | ) |

**COMPLAINT**

COME NOW Plaintiffs Aida Elzagally, Ayah Tunalli, Alaa Tunalli, Abdulhameed

Tunalli, Abdulrrauf Tunalli, Muhammad Tunalli, Abduladeem Tunalli, Mais Ahmed Mayouf,

and Abdulhameed Al-Harramah on behalf of themselves and makes these allegations based on information and belief against Khalifa Haftar, a warlord in the Republic of Libya, and the Defendant and stated as follows:

## INTRODUCTION

1. In 2015, Defendant Khalifa Haftar, an American Citizen, left his home in Northern Virginia for Libya and formed the Libyan National Army ("LNA"). He appointed himself "Field Marshall."

2. Since that time, Defendant Haftar has waged indiscriminate war against the people of Libya. He has killed numerous men, women and children through bombings, and has tortured others.

3. Plaintiffs' family members were killed when Defendant Haftar was engaged in indiscriminate bombing of civilians.

## JURISDICTION

4. Jurisdiction is proper under 28 USC § 1331 and 1332. Defendant is a United States Citizen and resides in Commonwealth of Virginia and Plaintiffs are citizens of the Republic of Libya.

5. Jurisdiction is proper because this is a federal question under 28 USC § 1350, Alien Tort Claims Act and Torture Victim Protections Act P.L. 102-256, 106 Stat 73, reprinted 28 USCA § 1350 note.

6. Venue is proper under 28 USC § 1391(b)(1).

## PARTIES

7. Plaintiff Aida Elzagally is the wife of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya.

8. Plaintiff Abdulhameed Tunalli is the son of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya

9. Plaintiff Ayah Tunalli is the daughter of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya

10. Plaintiff Alaa Tunalli is the daughter of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya.

11. Plaintiff Abdulrrauf Tunalli is the son of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya.

12. Plaintiff Muhammad Tunalli is the son of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya.

13. Plaintiff Abduladeem Tunalli is the son of Msaddek Tunalli, deceased, and is a resident of the Republic of Libya

14. Plaintiff Mais Ahmed Mayouf is the daughter of Mufida Sasi Abu Gasiah, deceased, and is a resident of the Republic of Libya.

15. Plaintiff Abdulhameed Al-Harramah is the father of Ayman Al-Harramah, deceased, and is a resident of the Republic of Libya.

16. Defendant Khalifa Haftar is a citizen of the United States of America and of the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

17. Upon information and belief Defendant Haftar is a citizen of the United States of America.

18. Upon information and belief, Defendant Haftar owns a home and resides in or around McLean, Virginia.

19. In 1969, Haftar was a cadet and was a participant in the coup led by Colonel Muammar Ghaddafi to overthrow the government of the King of Libya.

20. From then, Haftar was a close ally of Ghaddafi.  At times Haftar referred to Ghadaffi as his father.

21. Eventually, Haftar was a senior military leader in the Libyan Army under Ghadaffi.

22. In or around 2015, Defendant Haftar left the United States and went to Libya.

23. In Libya, Haftar raised a militia of various soldiers, some from outside Libya, whose only interest was either money or destructions.

24. Upon information and belief, a lot of forces of Haftar were former fighters of ISIS, Taliban or fought in the Syrian civil war.

25. Haftar formed the Libyan National Army ("LNA") and declared himself Field Marshall and head of the Army.

26. Through the LNA, Haftar, through force, captured most of Eastern Libya.

27. Then the Government of Libya officially appointed Haftar head of all its armed forces.

28. Haftar, since 2015, has been marching to Tripoli and has been killing and bombing civilians.

29. Haftar's forces have been killing innocent women and children without any regard for human life.  (Exhibit 1)

30. Haftar's forces specifically target civilian neighborhoods and hospitals. (Exhibit 2).

31. Haftar's forces show extreme brutality and then celebrate killing civilians. (Exhibit 3).

32. Upon information and belief, Haftar's forces, on his orders, have killed over one thousand (1000) people.

MSADDEK TUNALLI

33. On April 4, 2019, Msaddek Tunalli was evacuating women and children from an area being indiscriminately bombed by Haftar's forces in the in the Ayan Zarah District.

34. Haftar's forces were randomly shelling the entire area.

35. At approximately 4:45pm, one of the mortars fell on Msaddek Tunalli, killing him.

36. The medical examiner stated that Msaddek Tunalli's death is a result of multiple infliction wounds to the head, shoulders, stomach, and arms, which resulted in severe skull damage and sever damage to the brain and internal bleeding in the brain. The weapons used were multiple artillery rounds and mortar shells. The heart, lungs and stomach were severely punctured with internal bleeding as well, which resulted in loss of oxygen to the brain and suffocation. The right elbow was fractured. The angle of penetration was from the back, from the right side of the brain and from the back side of the arms, while the angle of exit was from the stomach area.

37. The medical examiner stated that Msaddek Tunalli's body was free of alcohol or any other poisonous substances.

38. The medical examiner found two shrapnel fragments in the front side of Msaddek Tunalli's lungs and has preserved them.

39.  The indiscriminate shelling was not necessary on behalf of Haftar.

40. The indiscriminate shelling was the direct cause of Msaddek Tunalli's death.

41. Msaddek Tunalli was a husband to Plaintiff Aida Elzagally and a father to six children: Plaintiffs Ayah Tunalli, Alaa Tunalli, Abdulhameed Tunalli, Adbulrrauf Tunalli, Muhammad Tunalli, and Adbuladeem Tunalli.

42. The Plaintiffs named above are not left without a husband and father and the only financial support.

43. Plaintiffs Ayah Tunalli, Alaa Tunalli, Abdulhameed Tunalli, Adbulrrauf Tunalli, Muhammad Tunalli, and Adbuladeem Tunalli are severely traumatized by the loss of their father.

44. Due to the loss of her father, Ayah Tunalli is psychologically unstable and having nightmares.

## MUFIDA SASI ABU GASIAH

45. On April 16, 2019, Haftar and his forces launched missiles into the civilian neighborhood of Hay Alintassar in Trippoli in which Mufida Sasi Abu Gasiah, her mother, sister, and young daughter lived.

46. Defendant knew that there were numerous civilians living in this neighborhood. He knew that there were women and children present.

47. Yet without any regard for human life, Defendant Haftar still launched missiles into the Hay Alintassar, Trippoli.

48. Mufida Sasi Abu Gasiah, along with her mother, sister, and young daughter, lived on Tariq Al Matar road in the neighborhood of Hay Alintassar, Trippoli.

49. Mufida Sasi Abu Gasiah, her mother and sister were all killed by the missile strike on April 16, 2019.

50. Plaintiff Mais Ahmed Mayouf was the only survivor of the brutal attack.  She was taken to the hospital for observations but was then released.

51. Plaintiff Mais Ahmed Mayouf suffers from severe emotional trauma. She suffers from severe depression and refuses to eat or engage in any social activities.

52. Plaintiff Mais Ahmed Mayouf father took her on vacation in hopes of helping her recover, but she would hardly leave the hotel room and would not go to any restaurant to eat.  Her father had to bring the food to her room.

53. It is clear that Plaintiff Mais Ahmed Mayouf will suffer long term effects from the bombing.

## DR. AYMAN AL-HARRAMAH

54.  Plaintiff Abdulhameed Al-Harramah's son, Dr. Ayman Al-Harramah, was always dedicated and committed to humanitarian work. He worked alongside the Children's Hospital as a member of many civil society organizations related to humanitarian activities.

55. He and his colleagues founded the "All Doctors Foundation" before the revolution of 2011. It provided a variety of services, including the distribution of recordings of additional lectures that medical students and other students were unable to attend or have no material resources.

56.  On April 6, 2019, in the Spring Valley area, also known in Arabic as "Wady Al-Rabii", Dr. Ayman al-Harramah was doing his work providing medical care and saving lives in a civilian field hospital when Defendant Haftar indiscriminately bombed the hospital, killing Dr. Ayman al-Harramah.

57. Plaintiff Abdulhameed Al-Harramah is grief stricken about the loss of his son.

58. Haftar had a duty not to kill people by indiscriminately bombing areas where civilians were present.

59. Purposely bombing a hospital is in complete violation of all laws of war, and a violation of Article 27 of the Hague Conventions, Article 5 of the Ninth Hague Convention.

60. Haftar's army also committed acts of international terrorism on the civilian population of Libya by torturing them, bombing their houses and kicking them out of the house.

61. At all times, Haftar was acting under color of authority as the military head of the Libyan forces.

62. Haftar was officially appointed head of the forces by the Assembly of Libya.

63. Haftar's actions are against the Laws of Nation and United Nations regulations, Geneva Convetion and the Article 7, Crimes Against Humanity, of the Rome Statute of the International Criminal Court of Justice.

COUNT 1
ALIEN TORT CLAIMS ACT

64. Plaintiffs incorporate herein the averments of paragraphs 1-63 as though fully set forth herein.

65. As set forth above, Defendant Haftar caused the deaths of the class members through and by acts of international terrorism.  The terrorist activities committed by Defendant Haftar constitute a violation of the laws of nations prohibiting torture, mass murder, indiscriminate destruction of civilian property and genocide.

66. As a result of Defendant Haftar's violation of the laws of nations, Plaintiffs suffered damage as set forth in the paragraphs above and fully incorporated herein.

67. Under 28 USC § 1350, the family members, heirs, and survivors of the Decedents who were aliens at the time of Decedents deaths are entitled to damages they sustained through the Defendant's actions.

68. Plaintiffs have been damaged in the amount of $25,000,000 by the barbaric actions of the Defendant.

COUNT II

TORTURE VICTIM PROTECTION ACT

69.  Plaintiffs incorporate herein the averments of paragraphs 1-68 as though fully set forth herein.

70. The actions of the Defendant as set forth in the paragraphs above constitute torture and extrajudicial killing under the Torture Victim Protection Act, Public Law 102-246, 106 Stat. 73 (28 USCA § 1350 note).

71. Defendant, in carrying out this torture and extrajudicial killing, was acting under apparent or actual the color of authority as he was appointed head of the military forces of Libya.

72. As a result of Defendant's barbaric torture and extrajudicial killings, Plaintiffs suffered damages as set forth in the paragraphs above and incorporated herein.

73. Plaintiffs have been damaged in the amount of $25,000,000 because of the barbaric and illegal actions of Defendant.

COUNT FOUR
WRONGFUL DEATH

74. Plaintiff incorporate herein the averments of paragraphs 1-73 as though fully set forth herein.

75. The Plaintiffs are family members who survived the Decedents, as such they are entitled to recover for damages for wrongful death caused by the actions of the Defendant.

76. The injuries and deaths suffered by the Decedents, and the resulting consequences of those deaths faced by the family members, were directly caused by the reckless and intentional actions, omissions of the tortious conduct of the Defendant.

77. As a direct and proximate result of Defendant's unlawful actions, Plaintiffs are deprived of future financial support of the decedents, their aid and comfort.  The children of the Decedents are deprived of growing up with a parent.

78. As a direct and proximate result of Defendant's barbaric and deliberate actions, Plaintiffs were damaged in the amount of $25,000,000.

COUNT V
INTENTIONAL AFFLICTION OF EMOTION DISTRESS

79. Plaintiff incorporate herein the averments of paragraphs 1-78 as though fully set forth herein.

80. Defendant knew that indiscriminately bombing where civilians were present would cause grave psychological damage to the Plaintiffs.  Defendant knew that there would be deaths and that there would be grieving family members.

81. Defendant was aware that some family members would see their loved ones die right in front of them, causing grave and continuing psychological damage.

82. Defendant's intentional and deliberately brutal actions were the direct and proximate cause of permanent severe emotional distress suffered by the Plaintiffs.

83. As a direct and proximate result of the Defendant's actions, Plaintiffs are damage in the amount of $25,000,000.

COUNT VI
SURVIVAL

84. Plaintiff incorporate herein the averments of paragraphs 1-84 as though fully set forth herein.

85. Plaintiffs bring this action for damages suffered by the Decedents caused by the Defendant's vicious actions and conduct.  As a result of the Defendant's intentional actions, Decedents were fearful of an assault, causing apprehension that an unwanted physical or offensive conduct was about to occur.

86. As a result of the Defendant's intentional actions, Decedents suffered a battery, an unwanted physical or offensive conduct.

87. Defendant's intentional actions inflicted upon the Decedents suffered severe emotional distress and extreme fear.

88. As a result of Defendant's intentional actions and omissions, Decedents suffered damages of assault, battery, intentional infliction of severe emotion distress, loss of life, loss of enjoyment, loss of companionship and other damages stated in the above paragraphs and incorporated herein.

89. As a result of the unlawful and barbaric actions of the Defendant, Plaintiff demand judgment of $25,000,000.

COUNT VII
PUNITIVE DAMAGES

90.   Plaintiff incorporate herein the averments of paragraphs 1-89 as though fully set forth herein.

91. Defendant carried out his actions in a malicious, outrageous and willful manner without any regard for human life.

92. Defendant knew that his actions were malicious, outrageous, willful and without any regard for human life.

93. As a result of Defendant's malicious, outrageous, willful actions without any regard for human life, Defendant is liable for punitive damages.

94. Plaintiffs demand One Hundred Million Dollars ($100,000,000) as punitive judgment against the Defendant.

WHEREFORE, Plaintiff pray that this court:

1. Enter Judgment against the Defendant on all counts.

2. Enter a judgment of Twenty-Five Million Dollars, $25,000,000 as compensatory damages.

3. Enter a judgment of One Hundred Million Dollars, $100,000,000 as punitive damages.

4. Award all court costs and reasonable attorney's fees and any other relief the court deems appropriate.

Respectfully Submitted,

Faisal Gill (#VSB 93255)
Gill Law Firm
1155 F Street NW
Suite 1050
Washington DC 20005
202-570-8223
202-318-5331 (fax)
fgill@glawoffice.com
*Counsel for Plaintiffs*