THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AIDA ELZAGALLY, ET AL., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> KHALIFA HIFTER, ) <br> ) <br> Defendant. ) <br> ) | Civ. No. 1:19-cv-0853-LMB-MSN |

## UNOPPOSED MOTION OF DUNCAN LEVIN AND EDWARD UNGVARSKY TO WITHDRAW AS COUNSEL OF DEFENDANTS GENERAL KHALIFA HIFTER

Pursuant to Local Rule 83.1, Duncan P. Levin and Edward J. Ungvarsky respectfully move this Court for leave to withdraw as Attorneys of Defendant Khalifa Hifter.[1] Counsel for the plaintiffs has advised that the motion is not opposed.

Movants certify that reasonable notice has been given to the defendant of their withdrawal of appearance in this case. A copy of this motion will also be transmitted to the defendant.

Under Local Rule 83.1(G), "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared." Relatedly, Virginia Rule of Professional Conduct 1.16(b)(5) and (b)(6) authorize withdrawal if "the representation will result in an unreasonable financial burden on the lawyer" or if "other good cause for withdrawal exists." The Court has wide discretion in ruling on a motion to withdraw. *See Patterson v. Gemini Org.*, Ltd., No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000).

---

[1] The claims against original co-defendants Khalid Hifter and Saddam Hifter have been dismissed, and they are no longer parties to this action.

1

In this case, the Court should approve the motion for several reasons. First, forcing counsel to continue would result in an unreasonable financial burden. The defendant has failed to provide the agreed-upon fee deposit and to pay his bill as agreed. Second, counsel seeks to be relieved because there has been a breakdown in communication that prevent Mr. Levin and Mr. Ungvarsky from fulfilling their role as counsel to the defendant. The defendant and defendant's representative in the United States have become completely uncommunicative with counsel; they do not return phone calls, letters, emails, or texts, thus making it impossible to effectively represent them. Over the past several months, since at least November 2019, counsel has not had any meaningful communication with the defendant or defendant's representative, and all communications, regardless of form, concerning the termination of the engagement have gone unanswered. Furthermore, attempts to discuss these cases and other pending cases in the United States against the defendant has been ignored by the defendant. Undersigned counsel has informed the defendant a number of times over the past two months that we will move to withdraw as counsel if the defendant does not pay the agreed-upon fees, make himself and/or his representative available for discussions on litigation strategy, and be able to generally communicate.

This Court has permitted counsel to withdraw its representation where the client does not comply with its fee arrangement and where communications are strained. *See NGM Ins. Co. v. Secured Title & Abstract, Inc.*, 2008 U.S. Dist. LEXIS 33478 (E.D. Va. 2008). No prejudice will befall the defendant if this Court grants the motion because a trial date has not been set and discovery has not commenced.

WHEREFORE, Movants respectfully request that the Court enter an Order permitting them to withdraw as counsel of record for Defendant Khalifa Hifter. A proposed order is attached as Exhibit A.

Dated: January 11, 2021

Respectfully submitted,

/S/ Duncan P. Levin
Duncan P. Levin, Esq.
Tucker Levin, PLLC
230 Park Avenue, Suite 440
New York, New York 10169
Tel: 212-330-7626
dlevin@tuckerlevin.com

/S/ Edward J. Ungvarsky
Edward J. Ungvarsky, VSB #83014
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Tel: 571-207-9710
ed@ungvarskylaw.com