IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AIDA ELZAGALLY, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:19-cv-00853 (LMB/MSN) |
| ) | |
| KHALIFA HAFTAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

PROPOSED JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26 and this Court's Order of February 23, 2021 (Dkt. 55), counsel for the Parties submit the following as their proposed discovery plan in advance of the pretrial conference on March 17, 2021:

1. **RULE 26(F) CONFERENCE.** The Parties will hold a Rule 26(f) conference on March 17, 2021. The conference will be attended by Faisal Gill for Plaintiffs and Jesse R. Binnall and Lindsay R. McKasson for Defendant.

2. **RULE 26 (A) INITIAL DISCLOSURES.** The Parties will exchange their required initial disclosures by March 31, 2021.

3. **PLEADINGS.** The Parties will file any motion to amend the pleading by no later than March 29, 2021, absent good cause shown.

4. **SERVICE OF PLEADINGS AND PAPERS.** The Parties will serve all pleadings, motions and other papers filed with the Court electronically as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties will also serve by e-mail all discovery requests and written responses, and any other

papers that are not filed with the Court. The serving Party shall attach the pleading or paper as a "Portable Document File" (".pdf"). If transmission by e-mail of voluminous materials is impractical, then those materials shall be served by secure file transfer protocol (FTP), overnight delivery, hand-delivery, or courier. Service by e-mail shall be the equivalent of service by hand-delivery for the purposes of Fed. R. Civ. P. 5 and 6, provided that the document is received prior to 5:00 p.m. Service solely through the Court's ECF system after 5:00 p.m. will be treated, as stated in the Court's Electronic Case Filing Policies and Procedures, as being the same as service by mail.

5. **MEET-AND-CONFER CONFERENCES.** Throughout the discovery period, the Parties shall be available to participate in meet-and-confer conferences (either in-person or by telephone) with opposing counsel within 72 hours of a written request (including by e-mail).

6. **PROTECTIVE ORDER.** The parties anticipate the need for entry of a protective order in this case.

7. **ELECTRONICALLY STORED INFORMATION.** Electronically stored information (ESI) shall be produced in searchable PDF, labeled with Bates numbers, unless the party requesting the information requests records as tiff images with extracted text files and a load file. In either case, the ESI will be delivered via flash drive or secure FTP. The parties will negotiate in good faith an alternative procedure for documents that are not reasonably usable in PDF format; if the parties are unable to reach agreement, an appropriate, timely motion will be filed with the Court.

8. **INTERROGATORIES.** Per this Court's Order on February 23, 2021, a Party may not exceed thirty (30) interrogatories, including parts and subparts, without leave of Court.

9. **PRIVILEGE ISSUES.** Pursuant to Federal Rule of Evidence 502(d), if a Party or non-Party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information and its subject matter in this action or any other federal or state proceeding. If a disclosing Party or non-Party makes a claim of disclosure, the receiving party shall immediately cease review of the Protected Information and within five (5) business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed. The disclosing Party or non-Party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any Party to request an in-camera review of the Protected Information. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

10. **PRIVILEGE LOG.** The Parties agree that communications between any Party and its outside litigation counsel related to this action (or to documents and

things created by or for a Party's litigation counsel in anticipation of this action), and privileged documents and things created after the date of the filing of this lawsuit, need not be identified on any privilege log.

11. **DEPOSITION SCHEDULE.** The Parties will confer and exchange a list of persons from the opposing Party whom they wish to have testify at a deposition, and the Parties shall work diligently to schedule mutually convenient times and locations for each of these depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6).

12. **NUMBER OF DEPOSITIONS.** Per this Court's Order on February 23, 2021, a Party may not exceed five (5) non-party, non-expert witness depositions, without leave of Court.

13. **REQUESTS FOR ADMISSIONS.** The Plaintiffs may serve up to 30 requests for admissions as to factual matters, on the Defendant, and the Defendant may serve up to 30 requests for admissions for each Plaintiff. There shall be no limit on the number of requests for admissions regarding the authenticity of documents or things.

14. **EXPERT DISCOVERY.** Pursuant to Fed. R. Civ. P. 26(a)(2), any Party with the burden of proof on a claim or counterclaim shall disclose its expert witnesses and serve a copy of their written reports upon the other Party sixty days prior to the discovery deadline or by May 10, 2021, whichever is later. The opposing Party shall have 30 days after service of these experts' reports to serve their own expert reports upon the other Party. Pursuant to Fed. R. Civ. P. 26(a)(2), the Parties shall serve

rebuttal expert reports, if any, upon the opposing Party within 14 days after that. Following the exchange of all expert reports, rebuttal reports, or reply reports, the Parties will schedule the depositions of their experts for a mutually convenient time and location. All such depositions will be concluded by July 9, 2021.

15. **DRAFTS AND COUNSEL COMMUNICATIONS WITH EXPERTS.** The parties do not intend to change the provisions of Fed. R. Civ. P. 26(b)(4)(B) and (C). Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product and do not need to be included in a privilege log.

16. **THIRD PARTY MATERIALS.** Pursuant to Fed. R. Civ. P. 45(a)(4), the Parties shall serve a notice and copy of any subpoena on each Party before a subpoena is served on the person to whom it is directed, as well as a copy of any document requests, requests for admissions, or interrogatories served upon a third party. In addition, the Parties shall promptly provide to each other, or make available, all materials obtained from third parties.

17. **EVIDENTIARY MOTIONS.** The Parties agree that all motions to exclude experts or expert testimony, in whole or in part, and all motions *in limine*, shall be filed in time to be fully briefed and heard at least two weeks prior to the trial date.

18. **MODIFICATION.** A Party's agreement to the deadlines and limitations stated in this Joint Discovery Plan is without prejudice to its right to seek

modifications of the plan and of the pretrial schedule pursuant to Fed. R. Civ. P. 16 and 26.

19. **CLOSE OF DISCOVERY.** Per this Court's Order on February 23, 2021, Parties will complete discovery by Friday, July 9, 2021.

20. **TRIAL BEFORE MAGISTRATE JUDGE.** The parties do not consent to trial before a Magistrate Judge at this time.

Dated: March 10, 2021

| | |
|---|---|
| /s/ Faisal Gill<br>Faisal Gill (VSB # 93255)<br>GILL LAW FIRM<br>1717 Pennsylvania Ave Suite 1025<br>Washington, D.C. 20006<br>Phone: (202) 570-8223<br>Fax: (202) 318-5331<br>Fgill@glawoffice.com<br><br>*Counsel for Plaintiffs* | /s/ Jesse Binnall<br>Jesse R. Binnall (VSB #79292)<br>Lindsay R. McKasson (VSB #96074)<br>THE BINNALL LAW GROUP<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314<br>Phone: (703) 888-1943<br>Fax: (703) 888-1930<br>jesse@binnall.com<br>lindsay@binnall.com<br><br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

/s/ Jesse Binnall
Jesse R. Binnall
Counsel for the Defendant
