# United States District Court

EASTERN DISTRICT OF VIRGINIA
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314-5799

CHAMBERS OF
LEONIE M. BRINKEMA
DISTRICT JUDGE

TELEPHONE (703) 299-2116
FACSIMILE (703) 299-2238

April 5, 2021

The Honorable Joey Hood
Acting Assistant Secretary
Bureau of Near Eastern Affairs
U.S. Department of State
2201 C Street NW
Washington, DC 20520

Re: Muna Al-Suyid, et al. v. Khalifa Hifter, et al., Case No. 1:20-cv-170
Aida Elzagally, et al. v. Khalifa Hifter, Case No. 1:19-cv-853
Ali Abdalla Hamza, et al. v. Khalifa Hifter, Case No. 1:20-cv-1038

Dear Mr. Hood:

On October 26, 2020, I wrote to the Department of State to determine whether the Department had any interest in litigation pending against Khalifa Hifter. Since that letter, a third case has been filed against Mr. Hifter, and there is a new administration in charge of the nation's foreign policy. As a courtesy to the new administration, I write to solicit your input regarding these three civil actions pending before me in the United States District Court for the Eastern District of Virginia. In each action, Libyan citizens have filed claims against Khalifa Hifter under the Torture Victim Protection Act ("TVPA")[1] alleging that Libyan National Army ("LNA") forces under Mr. Hifter's command tortured them and/or killed their family members during the civil conflict that has been ongoing in Libya since 2014. Mr. Hifter is a dual Libyan-United States citizen who formerly resided, and owns property, in Virginia. These actions have received significant media attention.[2]

In Al-Suyid, the plaintiffs allege that, in October 2014, LNA forces attacked their family homes during an assault on the city of Benghazi. Muna Al-Suyid alleges that LNA forces killed her father and her three brothers during or shortly after an attack on their home. In addition, brothers Abdalla, Ahmad, Mahmud, and Ibrahim Al-Krishny allege that LNA forces tortured them and killed two of their brothers during a month-long period in which they were held as hostages following an attack on their home. Plaintiffs seek compensatory, exemplary, and punitive damages in excess of $75,000.

In Elzagally, the plaintiffs allege that, in April 2019, LNA forces bombed civilian areas during an assault on the capital city of Tripoli and surrounding areas. The wife and children of Msaddek Tunalli allege that he was killed while helping evacuate civilians. In addition, the daughter of Mufida Sasi Abu Gasiah alleges that her mother was killed while caring for their

---

[1] See Pub. L. No. 102-256, 106 Stat. 73.

[2] See, e.g., Isabel Debre, U.S. Court Hears Torture Case Against Top Libyan Commander, Associated Press (June 12, 2020) (reprinted in The New York Times and The Washington Post).

The Honorable Joey Hood
April 5, 2021
Page 2

family in their home. Lastly, the father of Ayman Al-Harramah alleges that his son was killed while working at a civilian field hospital. Plaintiffs seek $25,000,000 as compensatory damages and $100,000,000 as punitive damages.

In Hamza, the plaintiffs allege that, in 2016–2017, LNA forces targeted the neighborhood in Benghazi in which they lived, including blocking humanitarian aid and preventing civilians from fleeing. Brothers Ali, Nahma, and Abdelhalim Hamza allege that their mother, two brothers, and two sisters were killed by the LNA after months of starvation while trying to flee their neighborhood, and that their remaining sister was shot, held hostage, and tortured. In addition, Salimeh Jebreel alleges that she witnessed the murder of three of her minor children and the injury of a fourth, and that her husband has been detained without charges, tortured, and remains in incommunicado detention by LNA forces. Plaintiffs seek $13,500,000 as compensatory damages, as well as punitive damages.

Under the TVPA, any individual who, "under actual or apparent authority, or color of law, of any foreign nation," subjects a person to torture or extrajudicial killing, shall be liable for damages in a civil action to that person or that person's legal representative. Accordingly, these actions include the question of whether LNA forces under Mr. Hifter's command have been acting under actual or apparent authority, or color of law, of Libya during the ongoing civil conflict there. In these actions, Mr. Hifter asserts head of state immunity, and the Court will have to determine whether Mr. Hifter is entitled to that immunity, a decision which could have significant diplomatic implications for the foreign policy of the United States, particularly in light of the October 2020 cease fire.[3]

Therefore, the Department of State is respectfully invited to communicate its views on whether these actions should proceed in this court.[4] Unless you need additional time to consider the Department's position, I would appreciate a response by May 14, 2021. I plan to stay all activity in these actions while this letter is under consideration.

Sincerely,

Leonie M. Brinkema
United States District Judge

---

[3] See, e.g., Nick Cumming-Bruce and Declan Walsh, Libya Cease-Fire Raises Hopes for Full Peace Deal, New York Times (October 23, 2020).

[4] The plaintiffs in these actions have claimed that the Libyan judicial system is not able to address their claims.