IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AIDA ELZAGALLY, et al. ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | 1:19-cv-00853 (LMB/MSN) |
| ) | |
| KHALIFA HIFTER ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT KHALIFA HIFTER'S ANSWER TO THE AMENDED COMPLAINT
AND GROUNDS FOR DEFENSE**

Defendant Khalifa Hifter ("Mr. Hifter"), by counsel, for his answer to the Amended Complaint, states as follows:

## INTRODUCTION

1. Mr. Hifter admits that he is an American citizen and that he left his home in Virginia for Libya and formed the Libyan National Army. He was appointed as Field Marshall by the Libyan House of Representatives.

2. Denied.

3. Denied.

## JURISDICTION

4. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied. Mr. Hifter admits that he is a dual citizen of the United States of America and Libya, denies that he

1

resides in the Commonwealth of Virginia, and lacks knowledge as to plaintiffs' citizenships.

5. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

6. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

## PARTIES

7. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

8. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

9. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

10. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

11. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

12. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

13. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

14. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

15. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

16. Denied in part. Mr. Hifter admits to being a dual citizen of the United States of America and of Libya.

## FACTUAL ALLEGATIONS

17. Admitted.

18. Denied in part. Mr. Hifter admits to owning properties in Virginia but denies residing in Virginia.

19. Mr. Hifter admits to being a cadet who worked with Colonel Muammar Ghaddafi in al-Fateh Revolution in 1969. The remainder of the allegations are denied.

20. Mr. Hifter admits that he was once an ally of Ghaddafi. The remainder of the allegations are denied as stated.

21. Admitted.

22. Mr. Hifter admits he left the United States and went to Libya.

23. Denied.

24. Denied.

25. Denied in part. Mr. Hifter admits that he formed the Libyan National Army. He was appointed as Field Marshall by the Libyan House of Representatives.

26. Denied as stated. Mr. Hifter admits that he is the Commander of the LNA, which controls most of Eastern Libya.

27. Admitted.

28. Denied.

29. Denied. There was no Exhibit 1 attached to the Amended Complaint. To the extent an Answer is required regarding Exhibit 1, assuming it is the same Exhibit 1 as was attached to the original Complaint, the Exhibit speaks for itself but the allegations are denied.

30. Denied. There was no Exhibit 2 attached to the Amended Complaint. To the extent an Answer is required regarding Exhibit 2, assuming it is the same Exhibit 2 as was attached to the original Complaint, the Exhibit speaks for itself but the allegations are denied.

31. Denied. There was no Exhibit 3 attached to the Amended Complaint. To the extent an Answer is required regarding Exhibit 3, assuming it is the same Exhibit 3 as was attached to the original Complaint, the Exhibit speaks for itself but the allegations are denied.

32. Denied.

33. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

34. Denied.

35. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

36. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

37. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

38. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

39. Denied.

40. Denied.

41. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

42. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

43. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

44. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

45. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

46. Denied.

47. Denied.

48. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

49. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

50. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

51. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

52. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

53. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

54. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

55. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

56. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

57. Mr. Hifter is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore they are deemed denied.

58. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

59. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

60. Denied.

61. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied as stated. Mr. Hifter admits that he is the commander of the LNA.

62. Admitted.

63. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

## COUNT I:
## TORTURE VICTIM PROTECTION ACT

64. Mr. Hifter incorporates his responses to the preceding paragraphs.

65. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied.

66. This paragraph contains conclusions of law to which no response is required. To the extent an answer is required, those conclusions are denied as stated. Mr. Hifter admits that he is the commander of the LNA.

67. Denied.

68. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Khalifa Hifter denies that Plaintiffs are entitled to any of the relief requested in the numbered "Wherefore" clause following paragraph 68 and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in his favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by head of state immunity. As thoroughly outlined in Mr. Hifter's memorandum and reply in support of his motion to dismiss, ECF Nos. 34 and 40 (at 9-10 and at 6-8), Mr. Hifter was appointed head of the Libyan National Army by the Libyan House of Representatives. He currently undertakes responsibilities including meeting and negotiating with foreign heads of state. The former Executive treated him as the head of state. Although Libya is currently in a civil war, his status as head of state gives Mr. Hifter immunity from suit.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the claims constitute a non-justiciable political question beyond this Court's jurisdiction. *Baker v. Carr*, 369 U.S. 186 (1962), lays out specific factors for courts to consider in determining whether a dispute is a political question outside their jurisdiction. As was thoroughly explained in Mr. Hifter's memorandum and reply in support of his motion to dismiss, ECF Nos. 34 and 40 (at p. 6-8 and p. 4-6), these factors indicate that this case is outside of the Court's jurisdiction. The United States has an interest in the region, and it is within the Executive's domain to make decisions regarding foreign affairs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief may be granted. There continue to be elements under the TVPA that the Plaintiffs will not be able to prove, including but not limited to that Mr. Hifter "knew, or should have known," about the

alleged war crimes. This defense was thoroughly explained in Mr. Hifter's memorandum and reply in support of his motion to dismiss, ECF Nos. 34 and 40 (at p. 10-14, and p. 8-11).

Dated: July 9, 2021

KHALIFA HIFTER
By Counsel

/s/ Jesse R. Binnall
Jesse R. Binnall (VA #79292)
Lindsay R. McKasson (VA #96074)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
lindsay@binnall.com

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: July 9, 2021  /s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for the Defendant*