IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AIDA ELZAGALLY, *et al.*            )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )        Case No. 1:19-cv-00853 (LMB/MSN)
                                    )
KHALIFA HIFTER,                     )
                                    )
        Defendant.                  )
_____   )

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO STRIKE DEFENDANT'S OBJECTIONS AND COMPEL <u>DEPOSITION</u>

Plaintiffs take the extreme position that because the TVPA applies to foreign nationals, this Court can simply ignore foreign law. That is not the case. Principles of comity, along with a standard Rule 26 balancing test, apply to a deposition regardless of the underlying cause of action. When U.S. discovery rules conflict with the laws of a foreign country, the five-factor comity analysis informs the standard Rule 26 considerations of weighing undue burden against the relevance and importance of the requested discovery. Comity is the common-sense recognition that a foreign national must also consider the laws of their home country when dealing with U.S. courts. In this case, Mr. Hifter must consider a potential death sentence in Libya, and that burden far outweighs Plaintiffs' fishing expedition. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Mr. Hifter had already respectfully requested that this Court vacate the Magistrate Judge's Order and deny Plaintiffs' motion to compel Mr. Hifter's disclosure of Libyan military secrets. Plaintiffs filed this motion seeking to compel Mr. Hifter's deposition and arguing issues that are already before this Court and ignoring key issues in Mr. Hifter's objection to Plaintiffs' Notice of Deposition.

## ARGUMENT

### I. The Libyan American Alliance is not a party to this case and cannot effectuate service.

Only one attorney from one firm has made an appearance in this case on behalf of Plaintiffs. Faisal Gill of the Gill Law Firm. Yet, the service of the Notice of Deposition, that Mr. Gill alleges is valid and adequate, is from a person claiming to

be a law clerk for the Libyan American Alliance ("LAA") and Mr. Gill. *See* Exhibit 1 (email from LAA law clerk attempting to serve notice of deposition).

The LAA is not a party to this case. The "law clerk" that provided service is not listed as a team member of the Gill Law Firm nor is he listed as part of the LAA team and has not previously been involved in this case. And the "law clerk" that provided service did so from an email address of the LAA, not the Gill Law Firm. The electronic service agreement in effect with Mr. Gill is not effective for law clerks of other organizations, which this person appears to be.

The involvement of the LAA did not become apparent to Mr. Hifter until the email referenced above, dated October 2, 2021, and then again on October 11, 2021 during depositions when LAA members attempted to participate. Mr. Gill referred to the LAA as "part of the legal team," and that he has a formalized consulting relationship with them. The LAA, however, is an advocacy and lobbying group, not a law firm or a litigation support vendor. Yet Mr. Gill proffered that he has hired some of the LAA staff as law clerks specifically for this matter before this Court. This allegedly includes a Legal Analyst for the LAA and their Program Director.

The bigger problem, however, is that it appears that Mr. Gill works for the LAA rather than the other way around. While Mr. Gill has represented in this week's deposition that he hired the LAA as consultants for this case (and confusingly also hired some of their staff separately), the LAA asserts that this is their case. *See* Exhibit 2 (excerpt from the LAA website regarding Mr. Gill "taking on LAA's case against General Khalifa Haftar"). Mr. Gill is even a member of the LAA Board of

Directors. His LAA profile suggests that he "is the lead attorney in *two* lawsuits" against Mr. Hifter and is "working in tandem with the LAA on behalf of the family members." *See* Exhibit 4 (LAA profile of Faisal Gill).

It appears that the LAA brought this case to Mr. Gill and hired him to take on *their case*. This would make the LAA a client of Mr. Gill, subject to disclosure under the initial disclosures and subject to deposition to learn all discoverable information that they have pertaining to these cases *that they allegedly brought to court. See* Exhibit 3 (excerpt stating that the LAA brought these cases to court).

Dr. Esam Omeish, President of the LAA, stated in a video on the LAA website that "the Libyan American Alliance took it upon itself to bring a lawsuit using American laws against a U.S. citizen."[1] Further, the LAA has stated via their Twitter that LAA continues preparing the cases against Hifter with "ongoing coordination with prominent legal experts both in international law and human rights law." *See* Exhibit 5. This raises a further question of why these experts and sources have not been disclosed to Mr. Hifter.

The LAA and its relationship with Mr. Gill and this lawsuit cannot be shielded by the attorney-client privilege and should have been disclosed to Mr. Hifter months

---

[1] Libyan American Alliance, *Cases against Haftar*, https://www.libyanamericanalliance.org/case-against-haftar (last accessed Oct. 13, 2021).

ago. Indeed, it might be more appropriate to include the LAA in the case caption as a plaintiff.

Mr. Hifter timely objected to service by an LAA employee. *See* Exhibit 6. Mr. Gill conveniently ignored this problem in his emergency motion. The alleged electronic service on Mr. Hifter of this deposition notice on October 2, 2021, by an LAA employee, was outside of the electronic service agreement and is invalid.

## II. Mr. Hifter incorporates his arguments as stated in his prior Reply brief

Due scarcity of judicial resources and the extensive briefing that has taken place in this case, Mr. Hifter incorporates the arguments made in his Reply in Support of Motion Objecting to Magistrate Judge Order his Motion for a Protective Order, Dkt. No. 99, as they relate to the principles of comity and the hardship faced by Mr. Hifter.

## CONCLUSION

Even if an LAA employee could effectively serve a deposition notice, Mr. Hifter cannot comply with discovery in this case without violating Libyan law, which is a true conflict requiring this court to perform a comity analysis. The comity factors, combined with the extreme burden to Mr. Hifter of a potential death sentence, far outweigh Plaintiffs' futile attempt to backfill their baseless allegations. This issue has been and remains pending in a number of briefs filed with this Court. Thus, Mr. Hifter respectfully requests this Court deny Plaintiffs' emergency motion to strike objections and compel the deposition of Mr. Hifter.

Dated: October 13, 2021

Respectfully submitted,


/s/ Jason C. Greaves
Lindsay R. McKasson (VSB #96074)
Jesse R. Binnall (VSB #79292)
Jason C. Greaves (VSB #86164)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
        jesse@binnall.com
        jason@binnall.com


*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2021, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: October 13, 2021

/s/ Jason C. Greaves

Jason C. Greaves

*Attorney for Defendant*