UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AIDA ELZAGALLY, *et al.*,

    *Plaintiffs*,

v.

KHALIFA HAFTAR,

    *Defendant*.

Civil No. 1:19-cv-00853-LMB-MSN

## **ORDER**

This matter comes before the Court on defendant's Motion for Protective Order (Dkt. No. 92), plaintiffs' Emergency Motion to Strike Defendant's Objections and Compel Deposition of Defendant Hifter (Dkt. No. 95), and defendant's Response in Opposition to Plaintiffs' Emergency Motion (Dkt. No. 104). Having reviewed the pleadings and taking into consideration the argument previously made by the parties, the Court finds the motions are ripe for resolution without further argument. The dispositive question in both motions is straightforward: does the principle of comity shield the defendant from participating in the discovery process based upon the defendant's purported claim that submitting to a deposition will require the disclosure of Libyan state secrets. Defendant has already presented this argument —in this case and others—on numerous occasions. *See* Dkt. Nos. 79, 85–87, 99; *see also al-Suyid v. Hifter*, Case No. 1:20-cv-00170-LMB-JFA at Dkt. Nos. 115–16, 120, 129; *Hamza v. Hifter*, Case No. 1:20-cv-01038-LMB-JFA at Dkt. Nos. 44–45, 52, 56.

Specifically, on September 7, 2021, defendant referenced the principle of comity in his

opposition to plaintiffs' Motion to Compel Defendant Hifter to Further Respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. Dkt. No. 79 at 7 ("The principle of *comity* requires that a nation sometimes apply the laws of another nation. In this case, United States law is requiring an officer of the Libyan Government to appear in United States courts. As such, the Libyan Government seeks to assert privileges that exist for the United States government within the United States courts.") (emphasis added). Defendant further expanded his argument regarding comity during the September 13, 2021 hearing in this matter and in his September 24, 2021 objections to the resulting Order that rejected those arguments. *See* Dkt. Nos. 85–86, 99. In short, defendant in both instances argued that complying with plaintiffs' discovery requests would subject him to execution in Libya and that the principle of comity prevents United States courts from permitting such a result.[1]

Contemporaneously—but without reference to the unfavorable decision in this case—defendant filed a Motion for Protective Order that would preclude his deposition in a similar case also pending in this Court: *Hamza v. Hifter*. *See* Case No. 1:20-cv-01038-LMB-JFA at Dkt. No. 44–45. Defendant also filed a motion raising this issue in a third, related case: *al-Suyid v. Hifter*. *See* Case No. 1:20-cv-00170-LMB-JFA at Dkt. Nos. 115–16. Defendant again argued that comity required the Court to shield him from discovery to protect Libyan state secrets. *Id.* The Court ruled against defendant in both instances. *See Hamza* at Dkt. Nos. 55–56; *al-Suyid* at Dkt. Nos. 128–29.

Defendant recognizes that those motions are "similar" if not nearly identical to what is now before the Court. *See* Dkt. No. 93 at 3 n.1. In fact, defendant relies on no new authorities in

---

[1] Plaintiffs dispute the authenticity of the supporting documents submitted by defendant and argue that defendant's position on the consequences in Libya for his participation in discovery is inaccurate. *See* Dkt. Nos. 89, 97.

arguing this motion.[2]

Accordingly, defendant offers no new basis for this Court to find that the principles of comity and respect for Libya's state secrets should shield him from participating in discovery. Plaintiffs' Emergency Motion to Strike Defendant's Objections and Compel Deposition of Defendant Hifter (Dkt. No. 97) argues as much and effectively serves as an opposition to defendant's Motion for Protective Order.[3] Thus, having reviewed both motions, it is hereby

ORDERED that defendant's Motion for Protective Order (Dkt. No. 92) is DENIED; plaintiffs' Emergency Motion to Strike Defendant's Objections and Compel Deposition of Defendant Hifter (Dkt. No. 95) is GRANTED. Defendant shall sit for deposition within fourteen (14) days.

SO ORDERED this 14th day of October 2021.

Alexandria, Virginia

/s/
Michael S. Nachmanoff
United States Magistrate Judge

---

[2] Defendant includes two cases in his instant motion that were not included in his requests for protective orders in the *Hamza* and *al-Suyid* matters. Those two cases (*Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537 (4th Cir. 2004) and *Rhinehart v. Seattle Times Co.*, 98 Wash. 2d 226 (1982)) generally address the purpose of Fed. R. Civ. P. 26 and have no bearing on defendant's substantive argument regarding comity and state secrets.

[3] Defendant argues in his opposition to plaintiffs' motion that service of the at-issue deposition notice was improper under the terms of the "electronic agreement in place for discovery" because it was made by a law clerk who works for the Libyan American Alliance ("LAA") and plaintiffs' attorney Faisal Gill. Dkt. No. 104 at 1–4, Ex. 6. The Court notes that the exhibit defendant uses to argue this point, Dkt. No. 104-1, does not show the email address used by this law clerk to serve defense counsel with the contested "Notice of Deposition". Moreover, the Court notes that defense counsel does not dispute having received the operative notice. It is, therefore, unnecessary for the Court to rule on defendant's arguments regarding the LAA's involvement in this matter while resolving the instant motion.