IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AIDA ELZAGALLY, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-cv-853 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MUNA AL-SUYID, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-cv-170 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALI ABDALLA HAMZA, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:20-cv-1038 (LMB/MSN) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

On October 29, 2021, the Court entered an Order permitting defendant to ask deponents who they spoke with to prepare for the deposition but prohibiting defendant from asking about the location of any such person. At 8:48 p.m. on November 2, 2021, the Court received an <u>ex parte</u> email that was presumably in response to that Order. The author, who was identified as the

"Libyan Government Special Envoy to the USA," sent the email to Judge Brinkema's and Judge Nachmanoff's Chambers and an individual law clerk with the following message:

> It has come to our attention that a request has been made by the Defendant's attorneys to reveal the identify of one of the interlocutors who have served as an agent for the Plaintiff's attorney. We respectfully request that the court refrain from requesting that the Plaintiffs identify by name these individuals, due to the credible threat to the individual's lives and the lives of their relatives who currently reside in areas where they could be subjected to direct danger from the Defendant's associates.
>
> This interlocutor is representing a United Nations accredited human rights organization, and is not a witness regarding any facts related to the claims or defenses in the case. We appreciate your understanding on this matter, and are confident that the court will take the safety and well being of the interlocutor and his/her relatives into consideration.

The email also attached a letter with the same message on "Government of National Unity" ("GNU") letterhead.

Then, at approximately 2:00 p.m. the next day, Kevin Carroll, the lead attorney for the plaintiffs in al-Suyid v. Hifter, No. 1:20-cv-170, called chambers to follow up on the email—despite the fact that he was not copied on it. Mr. Carroll asked whether the Court had received the email and sought direction regarding the email's effect on an upcoming deposition of a plaintiff. Mr. Carroll was told that any modifications to a court order would be made only by written order, and that absent such an order, the October 29, 2021 Order governs deposition conduct.

The email and phone call are not only improper, they are extremely troubling. Both are ex parte communications asking the Court to make a ruling, a request which should only be made by a written motion filed on the public record. It is particularly disconcerting that the email was sent to the individual law clerk. The law clerk's email address was known to the parties' counsel but is not public information, suggesting that the author of the email may have obtained the law clerk's email address from counsel for one of the parties.

2

Moreover, these communications appear to lend support to defendant's argument that this litigation is being used to influence Libya's fragile political situation. After a decade of conflict, Libya will have national elections as soon as next month, and it is widely reported that defendant intends to run for President. See, e.g., Haftar Stands Down from Military Role Before Polls, Al Jazeera (Sept. 22, 2021), https://www.aljazeera.com/news/2021/9/22/libya-haftar-suspends-military-role-ahead-of-polls. In this context, it is extremely concerning that counsel for one of the plaintiffs has communicated with a representative of the interim government about this litigation and that the government representative has asked this Court to rule against the defendant. In fact, the GNU is not the only Libyan political entity to intercede in this litigation. On October 13, 2021, defendant filed a letter from the "Chairman of the Committee of Defense and National Security at the Libyan House of Representatives" to support one of his motions. [Dkt. No. 137] in al-Suyid v. Hifter, No. 1:20-cv-170. It is now clear that this litigation is too closely intertwined with the elections in Libya. It is therefore not appropriate to continue expending judicial resources until the political situation in Libya is more stable. Accordingly, it is hereby

ORDERED that all further conduct in these three captioned actions be and is STAYED until Libya's upcoming election has concluded, and the Court orders a lift of the stay.

The Clerk is directed to file in each of these actions a redacted copy of the email (recipients redacted) and its attachment, forward copies of this Order to counsel of record, and remove these civil actions from the active docket of the Court.

Entered this 4th day of November, 2021.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge