IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AIDA ELZAGALLY *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00853 (LMB/JFA) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| MUNA AL-SUYID *et al.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00170 (LMB/JFA) |
| | ) | |
| KHALIFA HIFTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO LIFT STAY OF PROCEEDINGS

On March 11, 2022, this Court lifted the stay as to the *Hamza* plaintiffs only, specifying that "there had been some problems in some of the other cases, which led the Court to believe that there were motivations beyond just pure and appropriate litigation reasons." *Hamza et al. v. Hifter*, 1:20-cv-01038, Dkt. No. 107, at 3. The Court noted that it was only lifting the stay in *Hamza* "because this problem did not arise in [*Hamza*], and I don't have any connection between [*Hamza*] counsel and what happened in the other two cases." *Id.* at 8. The stay should not be lifted as to these

other two cases—*Elzagally* and *al-Suyid*—because the precarious political situation in Libya remains, and so does the risk that these cases will be used to disrupt it.

## ARGUMENT

A district court has broad power to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As such, a district court has the inherent discretion to stay proceedings. *Aventis Pharma Deutschland v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005). This is a power that "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court must exercise its judgment in weighing competing interests and maintaining an even balance. *Id.* at 254–55.

Here, the competing interests weigh in favor of a continued stay of the proceedings. The Court stayed this litigation to prevent the "expending [of] judicial resources until the political situation in Libya is more stable" and to prevent Plaintiffs from using this litigation to influence Libya's fragile political situation. *Elzagally*, Dkt. No. 91; *Al-Suyid et al. v. Hifter* ("*Al-Suyid*"), Dkt. No. 175. Currently, there are two competing prime ministers, resulting in dueling governments once again.[1] Thus, the potential for this lawsuit to be exploited is greater than ever.

This stay minimally prejudices Plaintiffs, whose own actions precipitated the stay. In *al-Suyid*, Plaintiffs procured the *ex parte* communication with which this

---

[1] *Why is Libya sliding back to political division?*, THE INDIAN EXPRESS (Feb. 18, 2022, 1:02 P.M.), https://indianexpress.com/article/explained/explained-libya-two-prime-ministers-gadhafi-7779700/.

Court is well familiar. *See al-Suyid*, Dkt. No. 175; *Elzagally*, Dkt. No. 123. Before that, the Libyan Prime Minister and political opponent of Mr. Hifter had filed a letter with this Court in opposition to Mr. Hifter. *Al-Suyid*, Dkt. No. 132. In *Elzagally*, the Court admonished counsel, based on his clients' lack of knowledge as to the contents of their discovery responses and the lack of any affirmation signatures, that it appeared Plaintiffs' counsel was testifying rather than the Plaintiffs. *Elzagally*, No. 1:19-cv-853, Hearing on Emergency Mot. to Compel (Oct. 15, 2021). This was particularly concerning to Mr. Hifter because of *Elzagally* counsel's close ties to the Libyan American Alliance ("LAA"), which is a lobbying group connected to Mr. Hifter's political opponents in Libya. *See Elzagally*, Dkt. No 102, pp. 3–4. The LAA advertises on its website that it "play[s] a major, active role in the lawsuits" against Mr. Hifter.[2] Further, the LAA notes that Faisal Gill is "taking on *LAA's* case against General Khalifa Haftar."[3]

Libyan news sources continue to follow this case closely, and to misconstrue the posture and the statements of Plaintiffs' counsel. For example, *Hamza* counsel Mark Zaid gave an interview on March 15, 2022 to the Middle East Eye, publicizing

---

[2] *Case Against Haftar*, LIBYANAMERICANALLIANCE.ORG, https://www.libyanamericanalliance.org/case-against-haftar (last visited Dec 28, 2021).

[3] *LAA Hosts a Conversation Centering Around the Role of Human Rights in Libya's Future*, LIBYAN AMERICAN ALLIANCE: DISCUSSION & PANELS (Aug. 25, 2021), https://www.libyanamericanalliance.org/blog/laa-hosts-a-conversation-centering-around-the-role-of-human-rights-in-libyas-future. (emphasis added).

the fact that he will be taking Mr. Hifter's deposition.[4] The Libya Observer then reported that "interrogation sessions" of Mr. Hifter would be proceeding in April.[5]

Balanced against the Plaintiffs' interest in moving this case forward is the precarious peace in Libya and the risk that these Plaintiffs might attempt to use the litigation as a political weapon against Mr. Hifter. These competing interests, because of Plaintiffs' own actions, weigh in favor of maintaining the stay.

## CONCLUSION

The Court was within its discretion in issuing a stay on November 4, 2021. The reasons bringing about this Court's stay—preventing the expenditure of judicial resources until the political situation in Libya is more stable and the appearance of political motivations underpinning this litigation—have not changed. Weighing the competing interests and considering Plaintiffs' own actions that precipitated the stay, maintaining that stay is appropriate. Therefore, Mr. Hifter respectfully requests this Court deny Plaintiffs' joint motion to lift the stay.

Dated: April 7, 2022                                  Respectfully submitted,

---

[4] Umar Farooq, "Lawyer for Libyan families says they plan to take Haftar's deposition, ask him questions about the actions of his military forces," MIDDLE EAST EYE (Mar. 15, 2022), https://www.middleeasteye.net/news/libya-khalifa-haftar-us-judge-reinstates-war-crimes-lawsuit.

[5] Safa Alharathy, "Haftar to pay legal costs of case brought against him in US court," LIBYA OBSERVER (Mar. 27, 2022), https://www.middleeasteye.net/news/libya-khalifa-haftar-us-judge-reinstates-war-crimes-lawsuit.

/s/ Jason C. Greaves
Lindsay R. McKasson, VSB No. 96074
Jesse R. Binnall, VSB No. 79292
Jason C. Greaves, VSB No. 86164
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
          jesse@binnall.com
          jason@binnall.com

*Attorneys for Khalifa Hifter*

## CERTIFICATE OF SERVICE

I certify that on April 7, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: April 7, 2022

/s/ Jason C. Greaves
Jason C. Greaves

*Attorney for Khalifa Hifter*