# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **AIDA ELZAGALLY, et al.,** : | |
| : | |
| **Plaintiffs,** : | **Civil Action No.: 1:19-cv-853** |
| : | |
| **v.** : | |
| : | |
| **KHALIFA HIFTER,** : | |
| : | |
| **Defendant.** : | |
| : | |
| **MUNA AL-SUYID, et al.,** : | **Civil Action No.: 1:20-cv-170** |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **KHALIFA HIFTER** : | |
| : | |
| **Defendant.** : | |
| : | |
| **ALI ABDULLAH HAMZA, et al.** : | **Civil Action No.: 1:20-cv-1038** |
| : | |
| **Plaintiffs,** : | |
| : | |
| : | **(CASES CONSOLIDATED FOR** |
| **v.** : | **PURPOSES OF DISCOVERY)** |
| : | |
| **KHALIFA HIFTER,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

## DEFENDANT KHALIFA HIFTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO COMPEL DEFENDANT TO APPEAR FOR ADDITIONAL DEPOSITION TESTIMONY AND IN SUPPORT OF HIS CROSS-MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 5

I.   Plaintiffs' Motion is Improperly Filed under Fed. R. Civ. P. 30. ....................... 5

II.   Plaintiffs' Fail to Show Good Cause to Justify an Additional Five Hours of Time to

Depose Defendant. ..................................................................................................... 5

   *A. Plaintiffs Cannot Meet Their Burden of Showing Good Cause Because They Have Failed*

   *to Provide the Deposition Transcript to the Court.* ................................................ 7

   *B. Joint Plaintiffs Have Not Demonstrated That They Acted Diligently to Complete the*

   *Deposition Within Seven Hours.* ............................................................................ 7

III.   The Court Should Deny the Motion Under Rule 26(b)(2)(C) or Grant Hifter's Cross-

Motion for a Protective Order Under Rule 26(c) .................................................... 12

   *A.*   The Court Should Deny the Motion Under Rule 26(b)(2)(C)........................ 13

   *B.*   *The Court Should Issue a Protective Order Under Rule 26(c).* ................... 14

IV.   As the Peace Process Continues in Libya, Hifter's Schedule Becomes More Limited

and the Court Should Limit Joint Plaintiffs to a Deposition by Written Questions under Rule

31.   17

V.   If The Court Allows a Second Deposition to Proceed Under Rule 30 or 31, Only the

*Elzagally* Plaintiffs Should Be Permitted to Question Hifter.................................... 19

CONCLUSION.......................................................................................................... 20

# **TABLE OF AUTHORITIES**

Cases

*Am. Mun. Power v. Voith Hydro*, No. 2:17-cv-708, 2022 U.S. Dist. LEXIS 17570 (S.D. Ohio Feb. 1, 2022)........................................................................................................................ 10

*Beneville v. Pileggi*, No. 03-474 JJF, 2004 U.S. Dist. LEXIS 13586 (D. Del. July 19, 2004)... 6, 7

*C.H. v. Sch. Bd. of Okaloosa Cnty., Fla.*, No. 3:18cv2128-MCR-HTC, 2021 U.S. Dist. LEXIS 259229 (N.D. Fla. July 19, 2021)........................................................................................ 11

*Chavez v. Arancedo*, No. 17-20003-Civ-TORRES, 2018 U.S. Dist. LEXIS 120703 (S.D. Fla. July 19, 2018).................................................................................................................. 6, 11

*Cobb v. Vicksburg Health Care, LLC*, No. 3:17-cv-957-DPJ-FKB, 2018 U.S. Dist. LEXIS 214100 (S.D. Miss. Dec. 20, 2018). .......................................................................................... 8

*J. C. Nichols Co. v. Mid-States Freight Lines, Inc.*, 9 F.R.D. 553 (D. Mo. 1949). ...................... 18

*Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350 (D. Md. 2012) ......................... 13

*Marisol A. by Forbes v. Guiliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 (S.D.N.Y. March 23, 1998) ...................................................................................................... 14

*Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118 (D. Md. 2009).............................................. 12

*Moore v. CVS Corp.*, Civil Action No. 7:04cv054, 2005 U.S. Dist. LEXIS 3798 (W.D. Va. Mar. 11, 2005)................................................................................................................................... 7

*National Nutritional Foods Ass'n v. F.D.A.*, 491 F.2d 1141 (2d Cir.) ......................................... 14

*Proa v. NRT Mid-Atlantic, Inc.*, No. AMD-05-2157, 2008 U.S. Dist. LEXIS 129572 (D. Md. June 20, 2008) ....................................................................................................................... 12

*Raynor v. District of Columbia*, No. 14-750 (RC), 2020 U.S. Dist. LEXIS 268458 (D.D.C. May 6, 2020).................................................................................................................................... 6

*Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451 (E.D.N.C. 2005) ...................................... 12

*Scott v. Abernathy Motorcycle Sales, Inc.*, No. 1:18-cv-01077-STA-jay, 2020 U.S. Dist. LEXIS 59563 (W.D. Tenn. Apr. 3, 2020) ............................................................................................ 6

*Jones-McNamara v. Holzer Health Sys.*, No. 2:13-cv-616, 2014 U.S. Dist. LEXIS 117217 (S.D. Ohio Aug. 22, 2014) ................................................................................................................ 6, 10

*Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-cv-4661, 2022 U.S. Dist. LEXIS 35367 (E.D. Pa. Feb. 28, 2022) ........................................................................................................................ 12

*Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575 (D.C. Cir. 1985) ..................... 14

*United States v. City of Evansville*, No. 3:09-cv-00128-WTL-WGH, 2012 U.S. Dist. LEXIS 125786 (S.D. Ind. Sept. 5, 2012) ................................................................................................ 12

*United States v. Morgan*, 313 U.S. 409 (1941) ............................................................................. 14

*Wood v. Harshbarger*, No. 3:13-cv-21079, 2014 U.S. Dist. LEXIS 91525 (S.D. W. Va. July 7, 2014)…………………………………………..…………………………………………….13,14, 17

**Rules**

Fed. R. Civ. P. 26. ......................................................................................................................... 6

Fed. R. Civ. P. 30 .......................................................................................................................... 5

## INTRODUCTION

Defendant, Khalifa Hifter ("Hifter"), by counsel, hereby submits his Opposition to Plaintiffs' in *Elzagally, et al. v. Hifter* (1:19-cv-00853), *al-Suyid, et al. v. Hifter* (1:20-cv-00170), and *Hamza, et al. v. Hifter* (1:20-cv-01038 (collectively "Joint Plaintiffs") Joint Motion to Compel Defendant to Appear for Additional Deposition Testimony ("Motion"). Hifter respectfully submits that he complied with U.S. District Judge Brinkema's October 7, 2022, ruling and October 14, 2022, Order holding Defendant's Motion to Set Aside the Default in abeyance until the conclusion of Defendant's deposition on November 6, 2022.[1] On November 6, 2022, Hifter appeared for his deposition and answered Joint Plaintiffs' questions for seven hours on the record. In their Motion, Joint Plaintiffs have not demonstrated good cause for an order extending the examination of Hifter for an additional five hours on the record.

If the Court finds that Joint Plaintiffs have demonstrated good cause for an order extending the examination of Hifter, Hifter moves, in the alternative, for a protective order under Rule 26(c) denying a further deposition of Hifter. Any further oral deposition of Hifter will be unduly burdensome because Hifter's military and official duties keep him busy traveling and meeting with diplomats from many countries, is likely to generate political fodder that will be disruptive of the ongoing peace process in Libya and will be used to damage Hifter's candidacy as president of Libya.

## BACKGROUND

At an October 7, 2022, hearing on Defendant's Motion to Set Aside Default, Judge Brinkema held that the Court was prepared to "reverse the decision that entered the default" and "vacate the default and then allow the case to proceed in a more normal fashion" if Hifter

---

[1] *See* Order, *Elzagally* ECF No. 175.

appeared for a deposition and answered questions in compliance with the Court's discovery

orders.[2] At the hearing, Judge Brinkema also told Joint Plaintiffs' counsel that she is concerned

"that there may be a political agenda to this case beyond just getting compensation for victims.

I'm concerned about that because I believe there was a clear misrepresentation of the extent of

the Court's last decision on the default."[3] Judge Brinkema further directed that:

> I want to make sure that plaintiffs' counsel understand that the deposition is not to
> be used as any kind of political fodder. And I expect that deposition transcript to
> be under seal. It's not to be discussed. If I see that there have been leaks on the
> Internet – because I have my clerks sort of watching this case now on the Internet
> – or I get to see some public statement about what was said during the deposition,
> that's going to be a problem for the plaintiffs' case as well, because the defense
> has made that argument several times.[4]

Pursuant to Judge Brinkema's instructions at the October 7 hearing, on October 14, 2022,

the parties informed Judge Brinkema that a deposition of Hifter would take place on November

6, 2022, one of the three dates offered by Joint Plaintiffs for the deposition to take place. That

same day, Judge Brinkema issued an order holding Hifter's Motion to Set Aside the Default "in

abeyance until the conclusion of defendant's scheduled deposition, which is to begin on

November 6, 2022 at 8:00 a.m."[5]

On November 6, 2022, by agreement of the parties, Hifter appeared in Libya for a remote

deposition via Zoom. The deposition commenced on the record at 8:15 a.m. EST (3:15 p.m.

Libya time).[6] Within minutes of the start of the deposition, persons such as Esam Omeish, who

has conducted press conferences outside this courthouse regarding this case, including one with

Joint Plaintiffs' counsel,  started posting public statements on Facebook and Twitter regarding

---

[2] Tr., Oct. 7, 2022, *Elzagally* ECF No. 173 at 5:4-16.
[3] *Id.* at 9:6-12.
[4] *Id.* at 9:15-25.
[5] Order, *Elzagally* ECF No. 175.
[6]  Ex. A, Def.'s Nov. 6, 2022, Dep. at 11:4-5 (filed under seal).

Hifter's deposition.[7] At the first break at 9:08 a.m., counsel for Hifter informed counsel for Joint Plaintiffs of the ongoing posts on social media, including Mr. Omeish's post on Facebook, and noted his concern in light of Judge Brinkema's October 7, 2022, ruling and caution against public statements about the deposition and its use as political fodder.[8] Public posts about the deposition continued throughout the day.

After only four hours and forty-seven minutes on the record, counsel for Joint Plaintiffs stated that they would not finish within the seven hours, sought to end the deposition early, and wanted to schedule another date to finish the deposition.[9] Due to Hifter's busy schedule, the difficulty of scheduling the deposition, and the Court's order that the deposition be conducted on November 6, counsel for Hifter stated that he wanted to continue the deposition on November 6 and would not hold counsel for Joint Plaintiffs strictly to seven hours with the understanding that it would be finished that day.[10] On two more occasions, counsel for Joint Plaintiffs expressed a desire to adjourn the deposition before the full seven hours and reconvene on another date, and counsel for Hifter expressed his preference to continue the deposition for the full seven hours on the record.[11] The deposition concluded at 5:49 p.m. EST (12:49 a.m. Libyan time).[12] Consistent with FED. R. CIV. P. 30(d), the deposition lasted for seven hours and one minute on the record, exclusive of breaks.[13]

---

[7] *See, e.g.,* Ex. B, Social Media Posts by Esam Omeish whose group Libyan American Alliance, is working with the Joint Plaintiffs and their attorneys; Ex. C Social Media Posts by Emadeddin Muntasser.

[8] Ex. A, Def.'s Nov. 6, 2022, Dep. at 32:16-33:19 (filed under seal).

[9] *Id.* at 127:5-22.

[10] *Id.* at 128:1-129:4, 175:16-181:7.

[11] *Id.* at 148:16-149:1, 175:16-181:7.

[12] *Id.* at 185:18-186:3, 188:15-18.

[13] *Id.* at 185:18-186:3.

As noted previously, Hifter's deposition quickly became political fodder in the media in the United States and Libya. Immediately following the deposition, on November 7, 2022, counsel for Hifter was contacted by a reporter seeking comment for an article he was writing regarding the Hifter deposition.[14] As a result, the deposition was reported widely in articles across U.S. and Libyan media outlets after November 7, 2022.

On November 7, 2022, counsel for Joint Plaintiffs, with counsel for Hifter, contacted Magistrate Judge Anderson to request additional deposition time. Judge Anderson directed counsel for Joint Plaintiffs to confer with counsel for Hifter to see whether they could reach an agreement regarding an additional deposition and its format. On November 14, 2022, counsel for Joint Plaintiffs sent a letter to counsel for Hifter in which he requested an additional five hours of time on the record with Hifter, almost a full additional day.

On November 17, 2022, Counsel for Hifter responded and noted that Hifter has substantial concerns about the misuse of an additional day of testimony for Plaintiffs to further try this case in the media in the U.S. and Libya since various interested individuals working with Joint Plaintiffs, such as Esam Omeish, were posting on platforms including Facebook and Twitter about the deposition while it was ongoing on November 6 and subsequently commented in new articles.[15] Hifter's counsel further noted that Plaintiffs offered no information regarding the topics they intend to cover and questions they intend to ask in another five hours of testimony. However, Hifter's counsel stated that Hifter may consider proceeding with a deposition by written questions.

---

[14] Ex. D, Nov. 7, 2022, Email from Barakat to Cox. Counsel for Hifter did not respond to the email and has not commented on the deposition or the case in the media.

[15] *See* Ex. B, Social Media Posts by Esam Omeish; Ex. C Social Media Posts by Emadeddin Muntasser.

On the following day, November 18, counsel for Joint Plaintiffs rejected this offer and informed defense counsel that they considered this specific issue to have met the requirements of Local Rule 7 and plan to file a Motion before the court and address it there. Despite their position that their meet and confer obligations had been met, inexplicably, Joint Plaintiffs waited **four months** before filing this Motion on March 20, 2023.

## **ARGUMENT**

### I.      **Plaintiffs' Motion is Improperly Filed under Fed. R. Civ. P. 30.**

As an initial matter, Joint Plaintiffs have titled their Motion as a motion for an order compelling Hifter's appearance for a second deposition of five hours, presumably moving under Rule 37. However, there is no pending notice of deposition, and Hifter has already appeared for a deposition of seven hours consistent with the requirements of Rule 30(d) and this Court's October 14, 2022, Order. Rule 30(d) states, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." On November 6, 2022, Hifter attended his deposition of seven hours on the record. Rule 30(a)(2) states that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and. . . . (ii) the deponent has already been deposed in the case." The Motion is improperly filed as a motion to compel. Joint Plaintiffs should be required to refile their motion as a motion for additional time under Rule 30(d) or if the Court considers this motion, the Court should only grant relief pursuant to Rule 30(d).

### II.      **Plaintiffs' Fail to Show Good Cause to Justify an Additional Five Hours of Time to Depose Defendant.**

Hifter has complied with his discovery obligations under Fed. R. Civ. P. 30. Rule 30(d) states, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." On November 6, 2022, Hifter attended his deposition, testified for a full seven hours on

the record.[16] Rule 30(d) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." "Generally, courts disfavor repeat deposition[s]."[17] Joint Plaintiffs bear the burden of showing good cause to justify an order extending the time of the deposition.[18] As part of this burden, "the requesting party [must] show that he or she acted diligently in attempting to complete the deposition within the time allotted by Rule 30(d)(1)."[19]

Joint Plaintiffs do not allege obstructive conduct by Hifter or his counsel that impeded or delayed the examination. In fact, as discussed previously, counsel for Hifter repeatedly urged Joint Plaintiffs to continue their examination of Hifter for the full seven hours on the record and even stated that he was willing for the deposition to continue a reasonable period beyond the seven-hour limit, but not four more hours.[20] While the Court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent, Joint Plaintiffs are expected to show good cause to justify such an order.[21] As such, Joint Plaintiffs have not set forth specific facts and evidence supporting their request for five additional hours, and they have not met their burden of showing that they acted diligently to complete the deposition within seven hours.

---

[16] *See* Ex. A, Errata Page (filed under seal). Hifter declined to answer several questions on the basis of Libyan law and the military classification of the information sought. However, Hifter subsequently provided answers to two of the questions on the errata page.

[17] *Raynor v. District of Columbia*, No. 14-750 (RC), 2020 U.S. Dist. LEXIS 268458, at *8 (D.D.C. May 6, 2020); *See Scott v. Abernathy Motorcycle Sales, Inc.*, No. 1:18-cv-01077-STA-jay, 2020 U.S. Dist. LEXIS 59563, at *2 (W.D. Tenn. Apr. 3, 2020); *Chavez v. Arancedo*, No. 17-20003-Civ-TORRES, 2018 U.S. Dist. LEXIS 120703, at *7-8 (S.D. Fla. July 19, 2018).

[18] *See* Advisory Committee Notes (2000 Amendments) to Fed. R. Civ. P. 30. *See also Jones-McNamara v. Holzer Health Sys.*, No. 2:13-cv-616, 2014 U.S. Dist. LEXIS 117217, at *3 (S.D. Ohio Aug. 22, 2014).

[19] *Id.* (*citing Beneville v. Pileggi*, No. 03-474 JJF, 2004 U.S. Dist. LEXIS 13586, at *3-4 (D. Del. July 19, 2004) (the moving party has the burden to demonstrate that additional time is necessary)).

[20] *See* Ex. A, at 128:1-129:4, 175:16-181:7 (filed under seal).

[21] Fed. R. Civ. P. 30(d)(1) and Advisory Committee Notes (2000 Amendment).

### A. Plaintiffs Cannot Meet Their Burden of Showing Good Cause Because They Have Failed to Provide the Deposition Transcript to the Court.

Despite Joint Plaintiffs' statement that they are "filing the Defendant's partially complete deposition transcript as Exhibit A to this Motion under seal for the Court's review," the dockets in each of the three consolidated cases do not reflect an Exhibit A filed under seal or any other evidence that Joint Plaintiffs submitted for the Court's review. Further, Joint Plaintiffs' conclusory arguments are wholly devoid of citation to any evidentiary support or case law upon which the Court might determine whether additional deposition time is necessary. Therefore, Joint Plaintiffs simply cannot meet their burden of demonstrating good cause. In similar circumstances, a federal district court denied plaintiffs' request for additional deposition time where the plaintiffs claimed that they needed more time due to the evasiveness of the answers of the defendant and failed to provide the Court with the deposition transcript.[22] Similarly, Joint Plaintiffs Motion should be denied.

### B. Joint Plaintiffs Have Not Demonstrated That They Acted Diligently to Complete the Deposition Within Seven Hours.

Even if the Court is willing to consider Joint Plaintiffs arguments without the benefit of the full deposition transcript, Joint Plaintiffs have not presented evidence demonstrating that they acted diligently in attempting to complete the deposition within the seven hours allotted by Rule 30(d). In fact, the evidence is to the contrary. The seven-hour limitation on a party's deposition set out in Rule 30(d)(2) was imposed to rectify the problem that "overlong depositions can result in undue costs and delays in some circumstances."[23] "[A] deponent's status as a 'central figure' in a case does not automatically entitle the deposing party to more than a seven-hour

---

[22] *See Beneville*, No. 03-474 JJF, 2004 U.S. Dist. LEXIS 13586 at *3-4.
[23] *Moore v. CVS Corp.*, Civil Action No. 7:04cv054, 2005 U.S. Dist. LEXIS 3798, at *4 (W.D. Va. Mar. 11, 2005) (*quoting* Advisory Committee Note to 2000 Amendments to Rule 30(d)).

deposition."[24] Before his deposition, to streamline the deposition and assist in using the seven-hours efficiently, Hifter's counsel requested that Joint Plaintiffs provide their questions and exhibits in advance. In an October 26, 2022 letter, Joint Plaintiffs refused this reasonable request and instead provided only four examples of the types of questions they intended to ask.

Hifter contends that he provided Joint Plaintiffs a fair and full examination on November 6, 2022. Due to his extensive official and military duties, Hifter wanted to complete the deposition in one day. Further, there were minimal disputes on the record, with Joint Plaintiffs having a full seven hours to conduct their examinations. However, Joint Plaintiffs were not amenable to concluding the deposition that same day, even though Hifter was amenable to being deposed for some additional period of time beyond the seven hours. Instead, on several occasions, Joint Plaintiffs expressed their desire to adjourn before the completion of the seven hours on the record and reconvene on another day to complete the remaining portion of the seven hours as well as four to five additional hours.[25]

From a review of the transcript, it is apparent that Joint Plaintiffs spent an inordinate amount of time questioning Hifter regarding inconsequential matters, matters on which he lacked personal knowledge, repeating questions that were already answered, and general questions regarding his responses to interrogatories.[26] Little was asked about the operative facts of the three cases. The written transcript does not bear out Joint Plaintiffs claim that Hifter's answers were "lengthy and off topic to the question posed."[27] Initially, Plaintiffs were allowed seven

---

[24] *Cobb v. Vicksburg Health Care, LLC*, No. 3:17-cv-957-DPJ-FKB, 2018 U.S. Dist. LEXIS 214100, at *7 (S.D. Miss. Dec. 20, 2018).
[25] *See* Ex. A, at 127:9-129:10 (filed under seal).
[26] *See id.* at 37:20-38:10, 38:17-39:1, 96:16-97:14, 150:5-150:11, 159:6-162:8, 164:14-170:2, 173:2-175:7 (filed under seal).
[27] *See* Motion, *Elzagally* ECF No 177 at p. 2.

hours to depose Hifter, and they were able to use the allotted time in their discretion. As a matter of choice, counsel for the *al-Suyid* and *Elzagally* plaintiffs allowed counsel for the *Hamza* plaintiffs to question Hifter for almost six hours on the record on purported common issues and *Hamza* fact-specific questioning. The *al-Suyid* or *Elzagally* Plaintiffs chose not to divide the time equally. Upon initiating their line of questioning, the *al-Suyid* and *Elzagally* plaintiffs centered their questions on whether Hifter could identify the English versions of responses to discovery requests and prior declarations, rather than targeting questions to fact specific information that only could be obtained from Hifter. In *al-Suyid*, plaintiffs' counsel exhausted approximately 25 minutes regarding discovery documents, rather than substantive questions.[28]

Joint Plaintiffs' counsel incorrectly characterizes Hifter's testimony as Hifter denying "ever signing – or even seeing – his own interrogatory production responses."[29] As mentioned, English is not Hifter's first language, therefore he has not seen the English versions of the discovery documents, and to spend 40 minutes throughout the deposition on documents in a foreign language is a waste of their allotted time.[30] Toward the final hour of the deposition, the *al-Suyid* Plaintiffs provided a Declaration signed by Hifter with previous counsel, and due to the confusion from Joint Plaintiffs counsel's questioning, Hifter erroneously denied his signature was on the document.[31] After the deposition, Hifter's counsel clarified with Hifter whether he signed the document, and he confirmed that it was his signature. Therefore, Hifter's counsel

---

[28] *See* Ex. A at 37:20-38:10, 38:17-39:1, 96:16-97:14, 150:5-150:11, 159:6-162:8, 164:14-170:2, 173:2-175:7 (filed under seal).
[29] *See* Motion, *Elzagally* ECF No 177 at p. 2.
[30] Following the November 6 deposition, Hifter's counsel sent Arabic translations of Joint Plaintiffs' prior written discovery requests, supplemented Hifter's discovery responses, and had Hifter review and sign verifications of his answers to Joint Plaintiffs' interrogatories.
[31] *See* Ex. A, at 164:14-170:2 (filed under seal).

corrected this in the errata page, and Hifter verified the errata.[32] Rather than devote their limited time to substantive questions about which Hifter was likely to have personal knowledge, Joint Plaintiffs instead prioritized irrelevant or unproductive questions.

In the portion of the deposition conducted by counsel for the *Elzagally* Plaintiffs, apart from questioning Hifter regarding discovery documents, counsel wasted the remaining 15 minutes on the record arguing with Hifter regarding the identification, by cite to the specific code section, of a Libyan law even after Hifter stated that he would provide the information at a later date, which Hifter's counsel subsequently provided.[33]

"In short, without belaboring it, the Court's impression after reading the transcript is that [Joint Plaintiffs'] counsel frequently 'proceeded at a pace, and in the type of detail, which did not appear to take into account that there was a presumptive time limit on the deposition' . . . Stated somewhat differently, [counsel] demonstrated no intention of confining its lines of questioning and clearly expected to be granted additional time to conclude [Hifter's] individual deposition either by [Hifter's] agreement or Court intervention."[34] Therefore, Joint Plaintiffs should not be granted additional time because, they did not act diligently in attempting to complete the deposition within the time allotted by Rule 30(d).[35] And as their questioning demonstrates, if they were interested in obtaining this information, it could have been more efficiently obtained by written questions or by providing the questions in advance as requested.

---

[32] *See id.* at errata page (filed under seal).
[33] *See id.* at 183:10-185:17.
[34] *Am. Mun. Power v. Voith Hydro*, No. 2:17-cv-708, 2022 U.S. Dist. LEXIS 17570, at *9 (S.D. Ohio Feb. 1, 2022) (*quoting Jones-McNamara*, 2014 U.S. Dist. LEXIS 117217, at *2).
[35] *See Jones-McNamara*, 2014 U.S. Dist. LEXIS 117217, at * 3-4.

Joint Plaintiffs assert that they should be allotted additional time, because if the three cases were not consolidated for discovery purposes, then each set of Plaintiffs would have received seven hours with Hifter. However, this ignores that Joint Plaintiffs agreed to the consolidation of the three cases. In addition, they agreed to divide up the seven hours among the three sets of Plaintiffs and have *Hamza* Plaintiffs' counsel conduct the examination as to common facts and issues. "Being a separately represented party does not, alone, justify exceeding the seven-hour limit; it is simply one factor for consideration."[36]

With regard to Hifter's supplementation of his interrogatory answers in the three cases, in a letter over a week after Hifter's deposition, Joint Plaintiffs' counsel, for the first time, asked Hifter to review all his interrogatory answers, supplement any answers that needed to be supplemented, and provide a signed verification page for each of the set of interrogatories. To show good faith in these proceedings and to comply with Rule 26(e)'s duty to supplement, Hifter has supplemented his discovery answers and produced additional documents as they became available. However, Joint Plaintiffs' request for supplementation could have been made prior to Hifter's deposition, and they could have delayed his deposition until after they had supplemental responses. "[T]he Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery."[37] Further, Joint Plaintiffs' Motion does not

---

[36] *C.H. v. Sch. Bd. of Okaloosa Cnty., Fla.*, No. 3:18cv2128-MCR-HTC (Lead Case), 2021 U.S. Dist. LEXIS 259229, at *15 (N.D. Fla. July 19, 2021).
[37] *Chavez v. Arancedo*, No. 17-20003-Civ-TORRES, 2018 U.S. Dist. LEXIS 120703, at *9-10 (July 19, 2018). *See Austin v. Pub. Reputation Mgmt. Servs.*, No. 20-cv-801161-SMITH/MATTHEWMAN, 2020 U.S. Dist. LEXIS 172968, at *8-9 (S.D. Fla. Sept. 22, 2020).

provide specific reasons as to why they need to further depose Hifter regarding the specific supplemental interrogatory answers and documents produced since the November 6 deposition.[38]

Finally, the Court should consider Joint Plaintiffs lack of diligence in filing a motion for additional time. Since November 6, 2022, Joint Plaintiffs have insisted that they want additional deposition time with Hifter, yet they have delayed **over four months** in filing their Motion, thereby creating an undue delay in the three pending cases. For these reasons, Joint Plaintiffs have failed to meet their burden under Rule 30(d) to demonstrate good cause for a second deposition of five hours of Hifter.

## III.   The Court Should Deny the Motion Under Rule 26(b)(2)(C) or Grant Hifter's Cross-Motion for a Protective Order Under Rule 26(c)

Simply because information is discoverable under Rule 26(b)(1), "does not mean that discovery must be had."[39] Under Rules 26(b)(2)(C) and 26(c), "the court has broad authority to limit discovery and prescribe alternative discovery mechanism."[40] "Even if good cause is found [under Rule 30(d)], the court must limit the additional time if it determines that the party seeking additional discovery has had ample opportunity to obtain the information, the burden of the proposed discovery outweighs its likely benefit, the discovery is unreasonably cumulative or duplicative, or it can be obtained through "some other source that is more convenient, less burdensome, or less expensive."[41]

---

[38] *Proa v. NRT Mid-Atlantic, Inc.*, No. AMD-05-2157, 2008 U.S. Dist. LEXIS 129572, at *115 (D. Md. June 20, 2008) ("Naturally, after reading their motion and defendants' opposition, this Court expected to find specific reasons as to why they needed to further depose Shearer regarding the *specific* documents produced since the deposition").

[39] *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

[40] *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009).

[41] *Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-cv-4661, 2022 U.S. Dist. LEXIS 35367, at *16-17 (E.D. Pa. Feb. 28, 2022) (*quoting United States v. City of Evansville*, No. 3:09-cv-00128-WTL-WGH, 2012 U.S. Dist. LEXIS 125786, at *1 (S.D. Ind. Sept. 5, 2012)).

*A.*  The Court Should Deny the Motion Under Rule 26(b)(2)(C)

"Federal Rule of Civil Procedure 26(b)(2)(C) allows the court, with or without a motion, to limit the frequency and extent of discovery when (1) 'the discovery sought is unreasonably cumulative or duplicative;' (2) 'can be obtained from some other source that is more convenient, less burdensome, or less expensive;' (3) the party seeking discovery has already had ample opportunity to collect the requested information; or (4) the 'burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[42] This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality."[43]

Joint Plaintiffs have already had ample opportunity to collect information through written discovery in each of the three cases and a seven-hour deposition of Hifter. Further, Joint Plaintiffs could obtain discovery from other witnesses who were actually present and eyewitnesses to the actions which caused Joint Plaintiffs injuries. From the November 6 deposition, it is apparent that Hifter lacks personal knowledge of any kidnapping, torture, or killing of any of the Joint Plaintiffs. The burden and expense of taking Hifter away from his official and military duties for a day-long deposition outweighs the likely benefit to Joint Plaintiffs' cases.

---

[42] *Wood v. Harshbarger*, No. 3:13-cv-21079, 2014 U.S. Dist. LEXIS 91525, at *5-6 (S.D. W. Va. July 7, 2014).
[43] *Id.* (*quoting Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012)).

**B.  The Court Should Issue a Protective Order Under Rule 26(c).**

In the event the Court finds that Joint Plaintiffs have met their burden under Rule 30(d) and the Court is unwilling to limit discovery under Rule 26(b)(2(C), Hifter has filed a Cross-Motion for a Protective Order and respectfully requests that the Court issue a protective order denying Joint Plaintiffs' a continued deposition. Rule 26(c) allows the Court to issue a protective order based on Hifter demonstrating that the discovery sought is overly broad, burdensome, or oppressive. Under Rule 26(c), courts have recognized, as a general proposition, that "high ranking government officials are not subject to depositions."[44] Such depositions of senior government official or high-level executives within an organization are known as "apex" depositions. The deposition of a high-ranking government official or senior executive "generally cannot be taken unless extraordinary circumstances are shown, or the official has personal knowledge essential to the case."[45]

1.  A Second Deposition Is Likely to Be Used for Political Fodder and Propaganda to Further the Political Agendas of Hifter's Opponents in the U.S. and Libya.

A second deposition is fraught with the potential for abuse and harassment. The November 6 deposition has already been subject to extensive media coverage throughout the world and been the subject of political fodder, misinformation, and propaganda by third-party actors in their social media accounts.[46] In weighing the concerns of those seeking the deposition

---

[44] *Marisol A. by Forbes v. Guiliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *7 (S.D.N.Y. March 23, 1998) (*citing, in part, National Nutritional Foods Ass'n v. F.D.A.*, 491 F.2d 1141, 1144-46 (2d Cir.), *cert. denied*, 419 U.S. 874 (1974); *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985)). *See United States v. Morgan*, 313 U.S. 409 (1941).

[45] *Wood*, No. 3:13-cv-21079, 2014 U.S. Dist. LEXIS 91525, at *10.

[46] *See, e.g.,* Ex. B, Social Media Posts by Esam Omeish; Ex. C Social Media Posts by Emadeddin Muntasser; Ex. E, List of news articles published.

of an official such as Hifter, the Court should consider the potential for abuse and harassment and "must place 'reasonable limits' so as to conserve the time and energies of public officials and prevent the disruption of the primary functions of the government."[47]

Within minutes of beginning the deposition, third-party actors such as Esam Omeish, who has conducted press conferences outside this courthouse regarding this case began posting on social media that "war criminal Khalifa Haftar stands in front of Court via Zoom to be questioned about his crimes, lawyer Faisal Gill and team of lawyers are questioning him now."[48] Immediately, the news traveled to organizations in Libya and news reporters were contacting Hifter's counsel by the next day. This created confusion in Libya and disturbs the ongoing peace process, and directly contradicts the Court's ruling on October 7, 2022, that "plaintiffs' counsel understand that the deposition is not to be used as any kind of political fodder."[49] In spite of that, news agencies continued to contact defense counsel and numerous articles were published.[50]

Granting Joint Plaintiffs additional deposition time would present further potential for individuals and the media to use the second deposition as political fodder and misinformation in the U.S. and Libya, similar to the first deposition. Under Rule 26, the Court has the authority to limit discovery. "'[A] motion can be made if any need for protection emerges during the course of examination;' therefore, a ruling prior to commencement of the deposition is not necessary to achieve a fair resolution.'"[51] Due to the fact that Hifter is an apex deponent, has already sat for a full seven hours under Rule 30(b), and the November 6 deposition has already been used as

---

[47] *Marisol A. by Forbes v. Guiliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *7.
[48] *See* Ex. B, Social Media Posts by Esam Omeish.
[49] Tr., Oct. 7, 2022, *Elzagally* ECF No. 173 at 9:16-9:17.
[50] *See* Ex. E, List of news articles published.
[51] *Wood*, 2014 U.S. Dist. LEXIS 91525, at *9 (*quoting, in part*, 8 Wright & Miller, *Federal Practice and Procedure*, § 2037 (3d Ed.)).

15

political fodder and misinformation by third parties and the media, pursuant to Rule 26(c), the Court should deny Joint Plaintiffs' Motion in its entirety, and grant Defendant's Cross-Motion for Protective Order.

> 2.  Hifter's Deposition Shows That He Has No First-Hand Knowledge of Joint Plaintiffs or The Specific Acts that Directly Cause Their Injuries or Deaths

Counsel for the *al-Suyid* and *Elzagally* Plaintiffs conclusory allege that they need an additional five hours to depose Hifter to complete "fact specific questioning" for the *al-Suyid* and *Elzagally* Plaintiffs as well as to ask some questions regarding three documents, less than ten publicly available videos of news reports, and a video of a press conference that Hifter referenced in his deposition (of which Joint Plaintiffs already had a portion and questioned Hifter about during the deposition) that were subsequently produced to Joint Plaintiffs. Joint Plaintiffs have already had ample opportunity to depose Hifter and to explore his limited knowledge of information relevant to their claims. On behalf of all Joint Plaintiffs, counsel for the *Hamza* Plaintiffs questioned Hifter for over five hours on issues purportedly common to all Joint Plaintiffs, such as command authority and his knowledge of incidents in Libya in which Joint Plaintiffs were injured.

In seven hours of questioning, Hifter showed that he had no first-hand knowledge of the specific facts and circumstances in which Joint Plaintiffs suffered injuries or family members were killed. For example, Hifter testified that he lacked personal knowledge of the Joint Plaintiffs, any details of the injuries suffered by the Joint Plaintiffs, was unaware of specific tactics used by subordinates, unaware of any bombing of civilians in the Ganfouda area

conducted by the LNA, and unaware of any alleged kidnapping, torture or extrajudicial killings involving any of the Joint Plaintiffs.[52]

Hifter has provided evidence to the Court of his lack of personal knowledge about the factual claims in Joint Plaintiffs' cases, the burden of requiring a high-ranking Libyan official to sit for another full day of deposition, and the potential for use of a second deposition as political fodder by Hifter's opponents in the U.S. and Libya to influence the election and peace processes in Libya. Further, in their Motion, Joint Plaintiffs have not provided any information to the Court or Hifter as to what "fact specific questioning" they plan to conduct and whether Hifter has personal knowledge of those facts. As an apex deponent, Joint Plaintiffs have the burden of showing that Hifter has personal knowledge about an essential matter, and there is no alternative source for the information or less burdensome means by which to obtain it.[53] Even if he were not an apex deponent, Joint Plaintiffs have to show good cause for a second deposition of Hifter and conclusory allegations that they intend to conduct fact-specific questioning for the *al-Suyid* and *Elzagally* cases fails to meet **that burden.**

IV.   **As the Peace Process Continues in Libya, Hifter's Schedule Becomes More Limited and the Court Should Limit Joint Plaintiffs to a Deposition by Written Questions under Rule 31.**

Throughout 2023, Libya has been at the forefront of the international spotlight. For the first time since the 2012 Benghazi attack, United States Central Intelligence Agency Chief visited Libya in January 2023, and met with Hifter to discuss ongoing peace negotiations.[54] Since then, Hifter has held many official meetings with foreign officials, such as meetings with

---

[52] *See, e.g.,* Ex. A, at 90:9-92:1 (filed under seal).
[53] *Wood*, 2014 U.S. Dist. LEXIS 91525, at *11 (*citing Martin v. California Dept. of Veterans Affairs*, No. 22334DFLGGH, 2005 U.S. Dist. LEXIS 49105 (E.D. Cal. Aug. 23, 2005)).
[54] *See* Ex. F, News articles regarding meetings with Hifter.

the United States chargè d'affaires, German Ambassador to Libya, Spanish Ambassador to

Libya, and the Secretary-General of the United Nations and The Special Representative for

Libya and Head of the United Nations Support Mission in Libya.[55] With the international

community prioritizing a post-conflict resolution in Libya, Hifter's schedule has become very

limited and negative media by plaintiffs' allies and Hifter's enemies arising from any deposition

is disruptive to that process.

As such, if the Court finds additional time is necessary, Hifter proposes to proceed with

any further questions under Rule 31 through deposition by written questions. Plaintiffs have

created an undue delay in this matter by failing to request additional deposition time for over

four months, therefore the lack of urgency demonstrates that the plaintiffs have no need for the

further oral testimony time. The "[o]bject of written interrogatories is to elicit ultimate facts and

to save expense and time of litigants."[56] A written deposition would allow the plaintiffs to

inquire about ultimate facts of their case and would eliminate the unnecessary back and forth

between the deponent and plaintiffs' counsel.

As shown in Hifter's deposition, Hifter has very limited knowledge of the allegations in

the Joint Plaintiffs' Complaints. Thus, proceeding under Rule 31 would allow for Joint Plaintiffs'

specific substantive questions to be answered and would assist in accommodating Hifter's

demanding schedule. Through a Rule 31 deposition by written questions, Hifter may be able to

sit through several shorter sessions, which would be more accommodating with his schedule,

while answering the plaintiffs' ultimate questions for their case.

---

[55] *See* Ex. F, News articles regarding meetings with Hifter.
[56] *J. C. Nichols Co. v. Mid-States Freight Lines, Inc.*, 9 F.R.D. 553, 554 (D. Mo. 1949).

**V.**     **If The Court Allows a Second Deposition to Proceed Under Rule 30 or 31, Only the *Elzagally* Plaintiffs Should Be Permitted to Question Hifter**

EDVA Local Rule 83.1 states foreign attorneys may appear and conduct cases *pro hac vice* provided "[t]hat such practitioners from another state or the District of Columbia shall be accompanied by a member of the bar of this Court in all appearances before this Court." Although these cases are consolidated for discovery purposes, each case must have a member of the bar in all appearances before the Court, and "no pleading or notice required to be signed by counsel shall be filed unless signed by counsel who shall have been admitted to practice in this Court." The *al-Suyid* Plaintiffs did not have counsel who is a member of the bar of this Court when they filed their Joint Motion with counsel for the other Plaintiffs, and as of the date of this Opposition, still do not have counsel who is a member of the bar of this Court. When Joint Plaintiffs filed their Motion, only a foreign attorney admitted pro hac vice signed the Motion on behalf of the *al-Suyid* Plaintiffs. Counsel for the *al-Suyid* Plaintiffs cannot submit pleadings or appear before the Court until he is accompanied by a member of this bar and therefore, the Court cannot grant relief to the *al-Suyid* Plaintiffs.

As such, no relief may be granted to the *al-Suyid* Plaintiffs. Also, Joint Plaintiffs previously acknowledge that "[p]laintiffs completed their joint background questions and all of the fact specific questions for *Hamza* Plaintiffs."[57] Therefore, relief may only be granted to *Elzagally* Plaintiffs, whose counsel has stated he can get his questioning done in two hours.[58]

---

[57] *See* Motion, *Elzagally* ECF No 177 at p. 3.
[58] *See* Ex. A, at 176:16-18 (filed under seal).

19

## **<u>CONCLUSION</u>**

Hifter has complied with the Rule 30(d) seven-hour requirement. The Court should deny Joint Plaintiffs' Motion on the basis that Joint Plaintiffs have not met their burden under Rule 30(d) or Rule 26(b)(2)(C). Alternatively, under his Cross-Motion under Rule 26(c), Hifter has demonstrated the need for protection from a second deposition that will be burdensome, oppressive, and harassing based on evidence of his lack of personal knowledge from his November 6 deposition, declarations, and responses to Joint Plaintiffs' written discovery, the mischaracterization of his November 6 deposition in the media in the U.S. and Libya, and the use of his November 6 deposition and potential use of a second deposition as political fodder by interested third parties to influence the peace process in Libya.

If the Court is inclined to allow Joint Plaintiffs further examination of Hifter, Hifter submits that the Court should limit Joint Plaintiffs to a deposition by written questions that will lessen the burden to Hifter and provide plaintiffs with more accurate information. Further, if the Court finds that additional deposition time is warranted, Hifter requests that it be limited to no more than two hours and that he be allowed to schedule his appearance around his busy official and military duties and further, that his Libyan lawyer be able to attend any further deposition with Hifter under the Protective Order.[59]

---

[59] Dr. Mohamed Zubaydah, Hifter's Libyan legal counsel, has signed Exhibit A of the Protective Order, but the Plaintiffs' have objected that he may not be present in the same room as Hifter during questioning. Hifter has a right to counsel of his choosing and for that counsel to be present in the room with him given that any deposition will be conducted via remote means.

Dated: April 17, 2023                    Respectfully submitted,

                                         KHALIFA HIFTER

                                         By Counsel

                                         /s/ Robert H. Cox
                                         Robert H. Cox (VSB No. 33118)
                                         BRIGLIA HUNDLEY, P.C.
                                         1921 Gallows Road, Suite 750
                                         Tysons Corner, Virginia 22182
                                         (703) 883-0880 [telephone]
                                         (703) 883-0899 [facsimile]
                                         rcox@brigliahundley.com


**<u>CERTIFICATE OF SERVICE</u>**

        I certify that on April 17, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.


                                         /s/ Robert H. Cox
                                         Robert H. Cox (VSB No. 33118)

21