IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **AIDA ELZAGALLY, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No.: 1:19-cv-853 (LMB/JFA) |
| : | |
| **KHALIFA HIFTER,** : | |
| : | |
| Defendant. : | |
| : | |

### AMENDED MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR KHALIFA HIFTER

COMES NOW, Movants Madison A. Beatty and James W. Hundley of Briglia Hundley, P.C., and asks the Court to permit them to withdraw as Defendant Khalifa Hifter's ("Defendant Hifter") counsel under Local Rule 83.1(G). Undersigned counsel can no longer represent Defendant Hifter in this matter because he has requested, through his representatives, that his counsel withdraw. In addition, Defendant Hifter has incurred legal fees in this matter and has failed to meet his obligations regarding his lawyer's services.

### LEGAL STANDARD

Under Local Rule 83.1(G), "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared."

"A lawyer shall not represent a client, or, where the representation has commenced, shall withdraw from the representation if. . . the lawyer is discharged." Virginia Rule of Professional Conduct 1:16(a)(3).

1

A lawyer may withdraw from representing a client where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Virginia Rule of Professional Conduct 1.16(b)(4). That includes the obligation to pay the attorney's fees if "the representation will result in an unreasonable financial burden on the lawyer." Virginia Rule of Professional Conduct 1.16(b)(5). The Court has wide discretion in ruling on a motion to withdraw. *See Patterson v. Gemini Org., Ltd.*, 2000 U.S. App. LEXIS 29505, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000).

## ARGUMENT

The Court should approve this motion because: (1) Defendant Hifter has requested, through his representatives, that counsel withdraw from this case; (2) Defendant Hifter has failed to meet his financial obligations; and (3) withdrawal at this stage, in which the trial date has not been set, would not interfere with the administration of justice. Counsel have discussed their intent to withdraw with Defendant Hifter (through his representatives) as required by Local Rule 83.1 (G).

Withdrawal is appropriate because Defendant Hifter, through his representatives, has requested that his counsel withdraw. Defendant Hifter resides in Libya where he is serving as the head of the Libyan National Army. Upon remand of this case by the United States Court of Appeals for the Fourth Circuit (Dkt. 291, 292), undersigned counsel contacted Mr. Hifter's representatives in the United States, explained the status of the case and what would be required for counsel's continued representation. The representatives stated they would present this information to Defendant Hifter. Thereafter, Mr. Hifter's U.S. representative told counsel that Mr. Hifter no longer wished to be represented by counsel. A lawyer is required to withdraw when discharged by

his client. *Heinzman v. Fine, Fine, Legum & Fine,* 217 Va. 958, 963 (1977). Accordingly, as counsel has been discharged by her client, the Court should grant counsel's motion to withdraw.

Further, withdrawal should be approved because Defendant Hifter has failed to fulfill his financial obligations to the counsel's law firm. A client's inability to pay its legal bills is an acceptable basis to allow withdrawal if withdrawal would not prejudice the client. *See Dauphin v. Hennager*, Civil Action No. 1:15-cv-149, 2017 U.S. Dist. LEXIS 67603, *7-8 (E.D. Va. May 3, 2017); *Portsmouth Redevelopment & Hous. Auth. V. BMI Apartment Assoc.*, 851 F. Supp. 755, 782 (E.D. Va. 1994) (noting that failure to meet financial obligations on its own can be enough to allow withdrawal). Withdrawal at this point will not prejudice Defendant Hifter because no trial date has been set, so withdrawal will not disrupt the administration of justice. *See BMI*, 851 F. Supp. at 786-87 (finding that when the client has failed to pay and a trial date has not been set, the only prejudice will be the client's inability to pay future counsel).

Lastly, the undersigned counsels have attempted to discuss their intent to withdraw and, as required by Local Rule 83.1(G), given reasonable notice before making this motion.

## **CONCLUSION**

Withdrawal is appropriate because Defendant Hifter has requested that his counsel withdraw, and he has failed to meet his financial obligations to his counsel. As such, the counsel respectfully requests that this motion be granted, and they be permitted to withdraw.

Dated: July 21, 2025                                Respectfully submitted,

/s/ *Madison A. Beatty*
Madison A. Beatty (VSB No. 98099)
James W. Hundley (VSB No. 30723)
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 900
Tysons Corner, Virginia 22182
(703) 883-0880 [telephone]
(703) 883-0899 [facsimile]
mbeatty@brigliahundley.com
jhundley@brigliahundley.com

*Counsel for Defendant Khalifa Hifter*

**CERTIFICATE OF SERVICE**

    I certify that on July 21, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                                  */s/ Madison A. Beatty*
                                                  Madison A. Beatty (VSB No. 98099)